The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (1991), 75 Ohio App.3d 73.]

Court of Appeals of Ohio,
Gallia County.

No. 90 CA 5.

Decided July 23, 1991.

*Brent A. Saunders,* Prosecuting Attorney, and *Mark E. Sheets,* for appellee.

*Randall M. Dana,* Ohio Public Defender, and *Robert L. Lane,* for appellant.

---

GREY, Judge.

This is an appeal from a jury verdict of the Gallia County Court of Common Pleas finding appellant, Rick Smith, guilty of trafficking in marijuana in violation of R.C. 2925.03(A)(1). We reverse.

On October 2, 1989, Jay Barrett, then an undercover officer for the Southeastern Counties of Ohio Task Force ("SECO"), met with a police informant, John Neville, and Gallia County Prosecutor, Brent Saunders, to set up a buy of marijuana. Neville reported to Saunders that he knew of an individual, Rick Smith, who was selling marijuana. Barrett and Neville proceeded to Smith's home, a trailer on Neighborhood Road in Gallia County. Saunders followed as backup.

When they arrived at Smith's trailer Neville went in first and then motioned to Barrett to come in. Smith asked Barrett if he wanted to buy some marijuana. Barrett asked Smith how much he had to sell. Smith told Barrett about a half an ounce for $100. Barrett gave Smith the money and took the marijuana. Neville and Smith smoked two joints. Barrett stated that he and Neville were in Smith's trailer for approximately ten to twenty minutes.

On December 13, 1989, the Gallia County Grand Jury indicted Smith, charging him with one count of trafficking in marijuana in violation of R.C.

2925.03(A)(1). Smith pleaded not guilty and the matter proceeded to a jury trial with Smith being represented by a court-appointed attorney.

At trial, the state presented testimony from Jay Barrett, who testified to the facts stated above. Smith presented testimony from his mother and niece in an attempt to establish an alibi for the time the sale took place. Both Mildred Smith and Tina Brown testified that Smith was playing cards with them that night and that Smith could have left during breaks in the game, but neither one actually saw him leave.

Smith also presented testimony from Neville. The trial court permitted Smith's counsel to cross-examine Neville because he proved to be a hostile witness. The defense examined Neville on one day and the state examined him the following day. Neville's testimony was extremely inconsistent and often his testimony on direct differed greatly from his testimony on cross.

In his opening statement, Smith's counsel referred to Smith's use and possession of marijuana. In the state's closing argument, the prosecutor referred to the stipulations of counsel allegedly regarding the actual sale of the marijuana.

The jury found Smith guilty as charged. The trial court sentenced him to eighteen months in the penitentiary and imposed a fine of $2,500. Smith appeals and assigns four errors:

"FIRST ASSIGNMENT OF ERROR:

"Appellant was denied the effective assistance of counsel at his trial by the acts and omissions of his attorney which are evident on the record, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution."

Smith asserts that his trial counsel did not afford him effective assistance of counsel. In support of this assertion, Smith sets forth specific reasons, including the fact that his counsel told the jury in voir dire, opening statement and closing argument that Smith smoked marijuana and that he possessed marijuana.

Counsel also presented evidence that Smith had a marijuana plant growing in his home. Smith also cites as examples of ineffective assistance of counsel his counsel's request for a jury instruction on the lesser included offense of drug abuse and his counsel's failure to request a limiting instruction concerning evidence of Smith's prior bad acts.

The state contends that the "errors" of which Smith complains can easily be viewed as trial tactics or the strategy used by counsel during trial. We agree.

From reading the record it appears that trial counsel's strategy was to admit Smith's use of marijuana but to deny the sale of marijuana by Smith.

If believed by the jury, Smith would have only been convicted of a minor misdemeanor rather than a fourth degree felony.

In support of his claim of ineffective assistance of counsel, Smith cites *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In *Strickland* the United States Supreme Court developed a two-prong analysis to evaluate claims of ineffective assistance of counsel. First, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and, second, that his counsel's errors were prejudicial to the defendant.

However, the *Strickland* court went on to hold:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. * * * A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, *a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.*" (Emphasis added.) *Id.*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

Here, Smith has not overcome the presumption that trial counsel's actions were anything but sound trial strategy pursuant to *Strickland, supra.* While trial counsel's strategy did not work, it was not incompetence, and surely not the kind of incompetence necessary to support Smith's claim of ineffective assistance of counsel. Smith's first assignment of error is not well taken and is overruled.

"SECOND ASSIGNMENT OF ERROR:

"The trial court abused its discretion and erred to appellant's prejudice in allowing Gallia County Prosecuting Attorney Brent Saunders to testify for the state on rebuttal."

■ Smith asserts that the state brought in the testimony of Brent Saunders, the Prosecuting Attorney, in order to bolster the state's case. Smith further asserts that Saunders' testimony was highly prejudicial.

The state argues that Saunders' testimony was necessary because Smith failed to file notice of his intent to claim alibi and created extraordinary

circumstances, thereby making such testimony permissible. In support of their respective arguments, both Smith and the state cite *State v. Coleman* (1989), 45 Ohio St.3d 298, 544 N.E.2d 622. In *Coleman,* the Ohio Supreme Court, in citing *United States v. Johnston* (C.A.7, 1982), 690 F.2d 638, held:

"While this is a situation which should be avoided, the testimony may be 'permitted in extraordinary circumstances and for compelling reasons, usually where the evidence is not otherwise available.'" *Coleman, supra,* 45 Ohio St.3d at 301–302, 544 N.E.2d at 627.

Smith asserts that the situation in *Coleman* differed from the situation which resulted in Saunders' testimony and that the situation was neither "extraordinary" nor caused by the defendant's acts as required in *Coleman.* We agree.

The testimony of the prosecutor does not meet one of the criteria in *Coleman, i.e.,* evidence which is not otherwise available. The state's main witnesses were Barrett, an undercover officer, and Neville, an informant, who testified to their version of the events—a sale of marijuana by Smith to Barrett for $100. The defense witnesses presented an entirely contradictory version of events, essentially alibi. At that point it was simply a question of credibility for the jury: a question of whom to believe since the jury could not believe both of these very contradictory versions. The testimony of the prosecuting attorney was introduced on rebuttal, and was merely cumulative of Barrett's and Neville's testimony. He corroborated their version. Everything Saunders testified to was already otherwise available, having been presented in the state's case-in-chief.

Saunders' testimony does not meet another of the criteria in *Coleman, i.e.,* "compelling reasons." There appears to be no compelling reason for Saunders' testimony. The apparent reason for his testimony is that Neville's testimony as a hostile witness in the defendant's case-in-chief was so damaging that his credibility with the jury needed resuscitation. Saunders was called to rehabilitate Neville. Rehabilitation of a witness is hardly an extraordinary circumstance.

Contrast this to the facts in *Coleman, supra,* where the defendant refused to provide handwriting samples. The *only* other available samples were handwritten motions by the defendant, and the *only* person who could identify the motions was the prosecutor. Rather than reward Coleman's recalcitrance, the court allowed the prosecutor to testify.

Even if, by a wild expansion of the narrow holding in *Coleman,* Saunders' testimony might be admitted, it would then run afoul of Evid.R. 403. Evid.R. 402 provides that all relevant evidence is admissible. Evid.R.

403 requires the exclusion of evidence which, while relevant, should not be admissible because its probative value is outweighed by the danger of unfair prejudice. This is clearly a case where the relevancy of Saunders' testimony was outweighed by the prejudicial effect it had on Smith's case. The county prosecutor is a person of some substance, particularly in a small county. His testimony on jurors, some of whom perhaps voted for him, is likely to carry great weight. Here we had conflicting testimony from an informant, an undercover officer, and the defendant, which created an issue of credibility for the jury. The testimony of the prosecuting attorney would, as it did here, so bolster the other testimony that the jury's verdict was almost foreordained.

Finally, appellee argues that this claim of error was not properly preserved. We have examined the record and find that this claim of error was adequately preserved. Were it not, we would be inclined to find assignment of error one well taken. There could be no strategic advantage in allowing the prosecutor's devastating testimony, and if this claim were not preserved, it would be strong proof of incompetency of counsel. But we rule here, as we did in assignment of error one, counsel did do an adequate job, including preserving this claim of error.

Based on the foregoing, Assignment of Error No. 2 is well taken and is sustained.

"THIRD ASSIGNMENT OF ERROR:

"The trial court erred in imposing a $2,500 fine, over appellant's objections, where the court had found appellant to be indigent and did not make a finding as to appellant's ability or inability to pay the fine."

R.C. 2929.14 provides in pertinent part:

"(A) In determining whether to impose a fine for a felony and the amount and method of payment of a fine, the court shall consider the nature and circumstances of the offense, the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, the history, character, and condition of the offender, and *the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.*
" * * *

"(C) The court shall not impose a fine or fines for felony that, in the aggregate and to the extent not suspended by the court, exceed the amount that *the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents * * *.*"
(Emphasis added.)

 Smith asserts that the trial court first erred in imposing a fine of $2,500 since he did not have the ability to pay such a fine. We agree.

R.C. 2929.14(C) clearly states that a court shall not impose a fine that exceeds the amount the offender will be able to pay within a certain time without undue hardship. Here, it is clear from the record that the court found Smith to be indigent and appointed counsel for his defense. Smith had no viable way to pay the fine imposed by the court.

A few Ohio appellate courts have treated the issue presently before this court. In *State v. Slider* (1980), 70 Ohio App.2d 283, 24 O.O.3d 387, 437 N.E.2d 5, the Tenth District Court of Appeals held that where a trial court determines or recognizes that a defendant is indigent, it abuses its discretion in imposing a substantial fine. In *State v. Davis* (May 24, 1984), Cuyahoga App. No. 47622, unreported, 1984 WL 5542, the Eighth District Court of Appeals held that where a court imposes a significant term of incarceration it abuses its discretion by imposing a $1,000 fine.

The term "abuse of discretion" has been defined as a decision which is arbitrary, unreasonable or unconscionable. *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 15 OBR 408, 473 N.E.2d 798.

The fine imposed by the trial court was inappropriate. Therefore, on the authority of *Slider, supra,* as well as this court's decision in *State v. Riggs* (June 13, 1991), Meigs App. No. 454, unreported, 1991 WL 110224, we find Smith's third assignment of error is well taken and is sustained.

"FOURTH ASSIGNMENT OF ERROR:

"The verdict of guilty is against the manifest weight of the evidence in that the state's evidence was so internally contradictory to be devoid of any credibility."

In reviewing a claim that a jury verdict was against the manifest weight of the evidence, or that the evidence was insufficient, a reviewing court's duty is to review the record to determine whether there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523. It is fundamental that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356.

Below the primary issue was one of the credibility of the witnesses. We find that there was sufficient evidence for the jury to find Smith guilty beyond a reasonable doubt. The verdict was not against the manifest weight of the evidence. Pursuant to *Brown* and *Thomas,* we may not reverse the jury's verdict. Smith's fourth assignment of error is not well taken and is overruled.

Based on our holdings on Smith's second and third assignments of error, we reverse the trial court's decision and remand the matter for a new trial.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., and HARSHA, J., concur separately.

STEPHENSON, Presiding Judge, concurring.

I concur in the judgment and that portion of the opinion which addresses appellant's third and fourth assignments of error.

HARSHA, Judge, concurring.

I concur in judgment and opinion concerning appellant's third and fourth assignments of error, but concur in judgment only otherwise. I do not believe appellant's second assignment of error is meritorious because of trial counsel's failure to comply with the requirement of Evid.R. 103(A) that an objection be both contemporaneous and specific.

Failure to provide the trial court with the proper basis for an objection, in this instance the strong prohibition against being a witness-advocate, results in waiver. Giannelli, Ohio Evidence Manual (1987) 21, Section 103.04(b). I believe this failure by trial counsel rises to the level of plain error under Crim.R. 52, given the holding in *Coleman, supra.* Alternatively, in conjunction with the trial counsel's failure to object to improper closing argument, and failure to request limiting instructions, one can make a convincing argument that the *Strickland* test has been satisfied.

Accordingly, I concur in the judgment of reversal.