OPINION
Defendant-appellant, Jian Yan Wu, appeals a conviction entered upon a jury verdict in the Butler County Court of Common Pleas, finding him guilty of violating R.C. 2907.02(A)(1)(b),2907.12(A)(1)(b), and 2907.05(A)(4). We affirm.
Appellant was accused of engaging in sexual conduct, felonious sexual penetration, and gross sexual imposition with a person under thirteen years of age. The victim was the nine-year-old daughter of his girlfriend, Le Dan Wei ("Wei"). Appellant, Wei, and the victim were living in the same apartment at the time of the crimes.
The victim testified that in November 1995, appellant told her to remove her clothing, and thereafter "put his penis in my vagina." The victim also testified of an incident in January 1996, when appellant told her to take off her clothes and go to her bed. She testified that appellant then put his fingers in her vagina. The victim also testified that in February 1996, appellant told her to take her clothes off and go to his bed. She testified that appellant again put his fingers in her vagina, "put his penis in my vagina," and touched her breasts. The victim testified that appellant told her that if she told anyone, he would throw her out of the apartment.
Shortly after the last incident, the victim told her maternal grandmother of the actions of appellant. The grandmother contacted the police, and on February 10, 1996, a police detective and a representative from children services met with the victim at her elementary school. The victim was examined the same day by Dr. Elena Duma, a physician at Children's Hospital in Cincinnati, Ohio. Dr. Duma testified at the trial that she examined the victim and found that the victim's hymenal opening was larger than normal, and had several "notchings" or indentations. Dr. Duma also found that the child's vaginal cavity was very red and was very painful to the victim. Dr. Duma testified that no semen was found, but a loose hair was found in the victim's vaginal area, an unusual occurrence for a girl that has no pubic hair. Dr. Duma testified that her findings were consistent with a child who had recently been sexually abused.
Richard Hurchanik was appointed by the court to serve as counsel for appellant. Hurchanik became co-counsel at a pretrial conference on April 10, 1996, when appellant requested that Terrence Southard be retained as counsel. Hurchanik remained as co-counsel to appellant throughout the proceedings.
Appellant's counsel attempted to rebut the victim's testimony by claiming that the grandmother falsely corroborated the victim's story of abuse in an attempt to harm appellant. In support of this argument, appellant testified that the grandmother had made sexual advances toward him, and that she wanted revenge because he rebuffed her advances.
Appellant was found guilty of two counts of rape, a violation of R.C. 2907.02(A)(1)(b), two counts of felonious sexual penetration, a violation of R.C. 2907.12(A)(1)(b), and one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4). Appellant submits the following assignment of error:
 THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL.
Appellant claims that his conviction should be reversed because he received ineffective assistance of counsel. Reversal of a conviction or sentence based upon ineffective assistance requires (1) deficient performance: errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment of the Constitution, and (2) prejudice: errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. State v. Ballew (1996), 76 Ohio St.3d 244, 255, following Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994), 71 Ohio St.3d 61, 83. Questions involving the effectiveness of counsel should be viewed in light of the weight of the evidence against the defendant. State v. Hill (1996),75 Ohio St.3d 195, 211-12. The proper standard in showing prejudice is that appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Loza,71 Ohio St.3d at 83.
Appellant presents six examples of how his counsel was ineffective: (1) counsel failed to request a continuance in order to more adequately prepare for trial; (2) counsel failed to properly prepare for trial by failing to examine appellee's discovery answer; (3) counsel failed to follow up and present his motions and failed to file other motions; (4) counsel failed to prevent appellant's prior statements taken during a police interrogation from being introduced; (5) counsel's examination of witnesses was unprofessional and ineffective; and (6) counsel's opening and closing statements were ineffective. We address appellant's arguments in the order that they have been presented.
 I
Appellant claims that a continuance should have been obtained for a number of reasons. Appellant argues that his counsel did not have adequate time to prepare for trial because Southard was retained as counsel only eight or nine days prior to trial. Appellant also asserts that his counsel did not have adequate notice that Dr. Duma would testify. Appellant also argues that he told counsel four days before the trial about potential alibi witnesses, and that counsel did not act upon appellant's information.
Appellant's counsel chose to not request a continuance because of tactical reasons. At a June 26, 1996 hearing on appellant's motion for a new trial, Southard stated that the reason he did not request a continuance was because he believed that a continuance or a delay in a trial helps the state more than a defendant.
Appellant's contention that counsel did not have enough time to prepare for trial is without merit. While it is true that Southard was retained by appellant eight or nine days before the trial, Hurchanik continued to act as co-counsel throughout the trial. Hurchanik had been serving as counsel for at least a month before the trial.
Appellant also does not demonstrate how he was prejudiced by his counsel supposedly having inadequate notice that Dr. Duma was going to testify. Appellee answered appellant's request for discovery pursuant to Crim.R. 16(B)(1)(e) on April 24, 1996. Appellant claims that a continuance would have given his counsel a better opportunity to rebut Dr. Duma's testimony, but does not show what specific evidence would have been used to rebut Dr. Duma's testimony.
Appellant claims that he informed his counsel of potential alibi witnesses. Such does not appear in the record. This issue cannot be addressed by this court because a "reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Steiner (1995), 74 Ohio St.3d 158,162, quoting State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
 II
Appellant contends that his counsel should have reviewed appellee's discovery answer. Specifically, appellant is referring to counsel's failure to review a report by Dr. Sherry Baker. The report referred to a prior instance of physical abuse of the victim by her father while they were in China. However, the prior instance did not involve sexual abuse and was not relevant to the trial. Appellant raised this same issue in his motion for a new trial. In the motion, appellant claimed that a new trial should have been held because if counsel had known that the victim had been previously abused, that information would have been beneficial to appellant. Counsel reasoned that Dr. Duma's testimony regarding signs of abuse could have been rebutted by evidence showing that the evidence of abuse could have come from an individual besides appellant.
The trial judge took extraordinary measures to ensure that appellant was not prejudiced by this prior instance of physical abuse not being admitted at his trial. At a July 29, 1996 hearing on appellant's motion for a new trial, Dr. Baker, Cynthia Hayes, the victim, and the victim's grandmother testified concerning the facts behind the statement in Dr. Baker's report. The court found that:
 There was no evidence presented by any of the witnesses at the motion hearing that the child was sexually abused in China and no such evidence would have been submitted to the jury who decided this case. The Court therefore finds [appellant] was not prejudiced by his failure to uncover the information in the reports.
After having reviewed the record, we agree with the trial court's conclusion that appellant was not prejudiced by his counsel's failure to uncover the information in Dr. Baker's report.
 III
Appellant contends that counsel should have filed certain motions and should have further pursued the motions that counsel did file. For example, appellant contends that a motion should have been made to suppress appellant's statements made during police questioning. Appellant also questions counsel's handling of the victim's competency to testify. Appellant questions counsel's filing of a motion in limine to oppose introduction of hearsay testimony. Appellant also claims that two witnesses who were called did not help his case. Appellant argues that counsel should have filed supporting affidavits with the appellant's motion for a new trial. Appellant questions counsel for filing a notice of alibi and failing to support the alibi at trial.
Trial tactics that are debatable generally do not constitute a deprivation of effective counsel. State v. Phillips (1995),74 Ohio St.3d 72, 85. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689,104 S.Ct. at 2065. The end result of tactical trial decisions need not be positive in order for counsel to be considered "effective." State v. Awkal (1996), 76 Ohio St.3d 324, 337. Each of the above claims of ineffective assistance involve trial tactics employed by counsel. Appellant has not demonstrated how any of these actions by counsel were "so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable." Strickland, at 687, 2064.
 IV
Appellant contends that counsel was ineffective in failing to prevent a portion of appellant's statement made to police from being presented at the trial. At trial, Detective Trisha DeLong testified concerning an interview with appellant shortly after appellant had been arrested. DeLong testified that during the interview, appellant denied the allegations against him, and said that he did not understand the American criminal justice system. DeLong also testified that appellant said that he remembered touching the victim. When he was asked where he had touched the victim, he said "everywhere."
When DeLong stated that an interpreter was present at the interview, Hurchanik objected on the grounds that DeLong's testimony was hearsay because only the interpreter understood appellant's statements. The court sustained Hurchanik's objections and then instructed the jury to disregard all statements that DeLong claimed appellant made during the interview.
A presumption exists that a jury has followed the instructions given to it by the trial court. State v. Murphy (1992), 65 Ohio St.3d 554,584. Therefore, we presume that the jury disregarded DeLong's testimony concerning appellant's statements. Since the statements were not admitted as evidence, there cannot be a finding that counsel was ineffective for failing to keep the statements from being admitted.
 V
Appellant alleges that counsel was not effective in the examination of witnesses. An appellate court reviewing an ineffective assistance of counsel claim will not second guess counsel's strategy in direct and cross-examination of witnesses. State v. Berry (Nov. 2, 1995) Cuyahoga App. No. 68762, unreported, following State v. Smith (1991), 75 Ohio App.3d 73, 76. After having reviewed the record, we find no error by counsel in its examination of witnesses constituting prejudice to appellant.
 VI
Appellant claims that counsel was ineffective in its opening and closing arguments. The presentation of an opening and a closing argument involves trial strategy, and a reviewing court reviews counsel's presentation with a strong presumption that counsel's conduct falls within the wide range of professional assistance. State v. King (Nov. 13, 1996), Scioto App. No 95CA2380, unreported; Strickland, at 689, 2065. Counsel's strategy in its presentation does not have to be the best strategy, it only has to be reasonable. After reviewing counsel's opening and closing arguments, we find no error by counsel constituting prejudice to appellant.
Having examined each of appellant's arguments, and reviewed the complete record, we overrule appellant's assignment of error. Appellant has not demonstrated how counsel was so ineffective that appellant was prejudiced in light of the evidence presented against him. The trial court's judgment is affirmed.
YOUNG, P.J., and POWELL, J., concur.