Defendant-Appellant Edwin R. Six, IV, is appealing his conviction for Failure to Comply with the Order or Signal of a Police Officer in violation of R.C. 2921.331, claiming ineffective assistance of counsel at trial.
On July 20, 1997, between 10:00 p.m. and 11:00 p.m., State Highway Patrol Trooper Steven Roe was coming on duty when he observed an older model, red Pontiac Firebird or Trans Am traveling at a high rate of speed on State Rt. 339. As the car passed in front of him, Roe took special note that the driver was a white male with a baseball cap and a few days' growth of beard. Trooper Roe followed the car, which continued to travel at a high rate of speed and maneuvered somewhat erratically. The car pulled away from Trooper Roe despite the fact that he activated his overhead lights and pursued at approximately 80 miles per hour. Trooper Roe abandoned the pursuit because he deemed it too dangerous to continue at that speed.
Some two to three hours later, at approximately 1:00 a.m. the following morning, Trooper Roe noticed a car at a gas station in Beverly, Ohio, which matched the description of the car he had pursued earlier. When the trooper pulled into the gas station to identify the vehicle and the driver, the car suddenly pulled away and proceeded south on State Rt. 60 at a high rate of speed. Despite the fact that Trooper Roe continued the pursuit through the Village of Beverly at speeds reaching 80 miles per hour, the car continued to pull away. A short distance outside Beverly the car went off the left side of the road, flipped upside down and struck a utility pole, before coming to rest in the lawn of a private residence. Both the appellant, who was the driver of the car, and Stephanie Kidd, his passenger, were injured in the accident, which also totaled the appellant's vehicle.
On October 16, 1997, the Washington County Grand Jury indicted the appellant on one count of Failure to Comply with the Order or Signal of a Police Officer, a violation of Ohio R.C. 2921.331, a fourth degree felony. The indictment specified that the appellant's failure to comply with the order or signal of Trooper Roe was either the proximate cause of serious personal injury or property damage, or posed a substantial risk of serious personal injury or property damage. A jury found the appellant guilty of the charge, and he was sentenced to three years of community control sanctions. The appellant timely appealed the verdict claiming ineffective assistance of counsel at trial.
Appellant raises the following sole assignment of error for our review:
 ASSIGNMENT OF ERROR DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 OPINION
The Appellant's sole Assignment of Error is that ineffective assistance of counsel denied him his right to a fair trial. Ohio has adopted the standard set forth in Strickland v.Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052
for determining whether a criminal defendant received ineffective assistance of counsel. See State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373, 379. The Strickland
Court established that, in order for a defendant to prevail on an allegation of ineffective assistance of counsel, he must show both that counsel's actions "fell below an objective standard of reasonableness," and that the defendant was prejudiced by the attorney's conduct. Strickland v. Washington,466 U.S. at 688, 693, 80 L.Ed.2d at 693, 697,104 S.Ct. at 2064, 2067. In Ohio, the standard for determining prejudice in cases alleging ineffective assistance of counsel is whether there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, 42 Ohio St.3d at 137,538 N.E.2d at 375, paragraph three of the syllabus.
Since a criminal defendant must satisfy both prongs of theStrickland analysis, an appellate court need not address both prongs in every case, or conduct the analysis in any particular order. Id. at 143, 538 N.E.2d at 380, quoting Strickland v.Washington (1984), 466 U.S. at 688, 80 L.Ed.2d at 697,104 S.Ct. at 2064. A given criminal defendant might fail either or both prongs of the test. Id. If the attorney's conduct was reasonable, the appellate court need not address the issue of prejudice. Likewise, if there is clearly no prejudice to the defendant, there is no reason for the court to evaluate the attorney's conduct. Id.
The appellant essentially cites three errors on the part of trial counsel as the bases for his ineffective assistance claim. First, in both opening and closing statements, counsel admitted that the appellant willfully disobeyed Trooper Roe's signal for him to stop. Second, Appellant argues that his attorney should have objected to the testimony of Stephanie Kidd, his passenger, and Trooper Roe regarding the first incident on the evening of July 20th. Third, Appellant also argues that any evidence obtained by Trooper Roe from the stop was illegal, and trial counsel should have moved to suppress it.
Appellant's first asserted basis for his claim of ineffective assistance of counsel is that his trial counsel admitted during both opening and closing statements that Trooper Roe signaled the appellant to stop, and that the appellant willfully disregarded the signal. Appellant argues that these admissions by his attorney prevented any chance that the jury might find him not guilty. The appellant was charged with violating R.C.2921.331 which states that a driver may not willfully "elude or flee a police officer after receiving a visible or audible signal" to stop. R.C. 2921.331(B). Since the statute requires willful action, a defendant who did not realize an officer signaled for him to stop cannot be convicted. The appellant argues that his attorney's admissions, in both opening and closing statements, prevented any chance that the jury might believe that the appellant did not know that Trooper Roe wanted him to stop, and return a verdict of not guilty on this basis.
In response, the appellee argues that trial counsel's admissions were sound trial strategy and, therefore, not ineffective assistance. Generally, a conviction under this section is a first-degree misdemeanor, R.C. 2921.331(C)(1). However, the offense is elevated to a fourth degree felony if the trier of fact finds that the defendant's conduct caused serious personal injury or property damage, or a substantial risk of such harm. R.C. 2921.331(C)(2) and (3). The grand jury indicted the Appellant on the felony offense under R.C2921.331. Trial counsel's strategy apparently was to mitigate the offense by casting doubt on the harm, or risk of harm, that the appellant's actions caused, rather than to contest the other elements of the charge. The appellee argues that, in light of the overwhelming evidence against the appellant, this was a reasonable trial strategy.
When evaluating an attorney's representation of a criminal defendant, courts must give the attorney wide deference since there are typically a number of reasonable strategies available to defense counsel in such cases. Strickland v. Washington,466 U.S. at 689, 80 L.Ed.2d at 694-695, 104 S.Ct. at 2065. This court has previously held that attempting to mitigate an offense is a reasonable trial strategy. See, State v. Smith
(1991), 75 Ohio App.3d 73, 77; State v. Foster (December 22, 1994), Washington App. No. 94CA4, unreported. In both Smith andFoster, rather than seeking a full acquittal, defense counsel attempted to convince the jury that a lesser included offense was more appropriate than the crime charged. In each case, since there was overwhelming evidence that the defendant was guilty of some crime, we held that this was a reasonable trial strategy and the defendant was not denied the effective assistance of counsel.
An attorney's admissions during opening or closing statements, while not constituting evidence in the case, can be the basis for an ineffective assistance claim, if the attorney's actions reflect an unreasonable trial strategy. SeeState v. Burgins (1988), 44 Ohio App.3d 158 (Defendant denied the effective assistance of counsel where attorney stated he did not believe his own client). The case at bar, however, is comparable to the situations presented in Smith and Foster. The prosecution presented overwhelming evidence that the appellant knew Trooper Roe was trying to stop him, and that the appellant willfully fled from Trooper Roe's pursuit. Trial counsel did not try to dispute this evidence, but rather attempted to prove that the appellant's actions did not cause serious injury, or a substantial risk of serious injury.
In the court below, as in Smith and Foster, there was overwhelming evidence that appellant willfully ignored Trooper Roe's signal for him to stop. Had trial counsel been successful in his strategy, the appellant could well have been convicted of a misdemeanor rather than a felony. Considering the evidence against the appellant, the trial strategy was reasonable, and trial counsel's admissions, in opening and closing remarks, did not deny the appellant the effective assistance of counsel at trial.
Appellant's second asserted basis for his claim of ineffective assistance of counsel is that his trial counsel failed to object to testimony from Trooper Roe and Ms. Kidd regarding the first incident, in which the appellant eluded Trooper Roe. He argues this evidence was irrelevant to the charge against him and highly prejudicial. Although the appellant does not specifically cite the rule, this is apparently an argument based on Evid.R. 404 under which other wrongful acts may not be used to show conduct on a particular occasion. The appellant argues that his attorney's failure to object to the "other acts" testimony allowed the jury to reach its verdict based on improper evidence.
Appellee argues that the testimony regarding the first incident was admissible under Evid.R. 404. If the "other acts" evidence was admissible, any objection to it would have been futile, and trial counsel's failure to object was reasonable. The appellee claims that the testimony is admissible because the circumstances of the two instances are integrated, and because the first incident shows a plan, scheme, motive, or absence of mistake on the part of the appellant.
As we discussed above, the Strickland standard requires a criminal defendant to show that his attorney's conduct was unreasonable and that the defendant was prejudiced by defense counsel's deficient performance. State v. Bradley42 Ohio St.3d at 143, 538 N.E.2d at 380, quoting Strickland v. Washington
(1984), 466 U.S. at 688, 80 L.Ed.2d at 697, 104 S.Ct. at 2064. If a defendant fails to satisfy either prong of the Strickland
test, his claim of ineffective assistance of counsel must fail and the court need not address the other prong. Id. In the instant case, while we have some reservations concerning the admissibility of the testimony of Trooper Roe and Ms. Kidd regarding the first incident, we find that the appellant was not prejudiced by its admission into evidence. Therefore, we shall not scrutinize trial counsel's decision not to object to the "other acts" testimony.
The jury in the court below could convict the appellant of a felony if it found either that his actions were the proximate cause of serious personal injury or property damage, or that he caused a substantial risk of such harm, Ohio R.C.2921.331(C)(2) and (3). Trial counsel's strategy was to downplay the seriousness of the risk that the appellant created, and the harm that the accident caused. The admission of the "other acts" testimony certainly made this trial strategy more difficult to achieve.
The standard for showing prejudice in an ineffective assistance case, however, is whether there is a "reasonable probability that, were not for counsel's errors, the result of the trial would have been different." State v. Bradley, 42 Ohio St. 3
d at 136, 538 N.E.2d at 373, paragraph 3 of the syllabus. The court in State v. Carrion, 84 Ohio App.3d 27, 32,616 N.E.2d 261, 265 held that defense counsel's failure to object to other acts evidence was not prejudicial since a significant amount of other evidence was properly introduced to prove the defendant's guilt. In the instant case, as in Carrion, the evidence against the appellant makes it very unlikely that the jury would have reached a different verdict, even without the "other acts" testimony.
Stephanie Kidd, the passenger in the appellant's vehicle, testified that she suffered a broken thumb, which left her hand partially disabled. Ms. Kidd testified that she worked as a cook in a delicatessen, both before and after the accident, but that since the accident she is "lucky to lift a five pound bag of sugar" with the injured hand. An injury need not be totally disabling to be serious, and the partial disability of Ms. Kidd's hand certainly is serious. In addition, both Trooper Roe and Ms. Kidd testified that the accident caused extensive damage to the appellant's car. R.C. 2921.331(C)(2) does not exclude damage to the defendant's own property from its coverage.
The evidence in this case, exclusive of the "other acts" testimony, shows that the appellant caused both serious personal injury to Ms. Kidd, and serious property damage to his car when he wrecked the vehicle. Considering the personal injury to Ms. Kidd and the property damage that the appellant caused, there is no reasonable probability that the outcome of the trial would have been different even if the appellant's trial counsel had managed to exclude the prior acts evidence, by appropriate objection to that testimony. Therefore, we cannot say that trial counsel's failure to object to the "other acts" testimony, regarding the first incident, prejudiced the appellant in this case.
Appellant's final asserted basis for his claim of ineffective assistance of counsel is that his trial counsel did not move to suppress evidence regarding the second incident. The appellant claims that Trooper Roe "lacked reasonable and articulable suspicion" to stop the appellant, so the stop was a violation of the Fourth Amendment. In response, the appellee argues that, since the appellant fled from Trooper Roe, there was no stop for Fourth Amendment purposes, and any motion to suppress would have been futile.
In federal constitutional law, a police officer does not seize an individual simply by chasing him. California v. HodariD. (1991), 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690. In addition, the court in Galas v. McKee (6th Cir., 1986),801 F.2d 200, held that there is no Fourth Amendment seizure when a suspect crashes while attempting to elude the police. The Supreme Court of Ohio has affirmed the principle that not every encounter between a police officer and a civilian is a seizure.State v. Smith (1989), 45 Ohio St.3d 255, 257, 544 N.E.2d 239,241. A seizure occurs only when a reasonable person, considering all of the circumstances, would not feel free to end the encounter and walk away. Id., citing United States v.Mendenhall (1980), 446 U.S. 544, 100 S.Ct. 1870,64 L.Ed.2d 497.
In general, a traffic stop is a seizure for Fourth Amendment purposes. A reasonable person would not feel free to continue on and ignore a police officer's signal to pull over. However, a driver who does ignore a police officer's signal, and then crashes while trying to flee that officer, cannot legitimately claim that his flight, the pursuit, and the crash constitute an illegal seizure.
In the instant case, it was not Trooper Roe's action, in signaling the appellant to stop, but rather the appellant's action in trying to flee, which caused the accident. Appellant cannot now be permitted to take advantage of his own attempted flight from legal authorities, and claim that he was illegally stopped for Fourth Amendment purposes. Since Trooper Roe clearly had the requisite reasonable and articulable suspicion to stop the appellant initially, thereafter exacerbated by the appellant's attempted flight, no basis for a suppression motion under the Fourth Amendment existed in the court below. Trial counsel's decision not to file such a baseless motion was clearly most reasonable on his part, and there is no merit to this portion of the appellant's argument.
We find no merit to the appellant's assignment of error.
JUDGMENT AFFIRMED.