DECISION
Maurice T. Antrum, defendant-appellant, appeals his conviction entered upon a jury verdict in the Franklin County Court of Common Pleas for robbery, a violation of R.C. 2911.02.
On October 21, 2000, at approximately 1:00 a.m., Robert Keathley stopped at a convenience store in Columbus, Ohio, to purchase some beer and pork rinds. Earlier that evening, Keathley cashed his paycheck of approximately $416. Keathley testified that after he left the store:
 * * * I got like halfway to the alley. And this guy was walking up towards me and asked me for a light. So naturally I'm going to get my lighter for him. Next thing I know, he punched me in the face.
Keathley stated someone pulled him backward onto the ground and another individual began going through his pockets. After taking Keathley's wallet, the two individuals started to run away. Keathley testified after he went back into the store to tell them he had been robbed, he saw a police vehicle. Keathley stopped the police vehicle, pointed at the two individuals, and told the two police officers "[t]here they are right there."
Officer Patrick Brooks, an officer with the Columbus Police Department, testified after Keathley told them "`I've been robbed * * * [a]nd they are down the road[,]' we actually just backed the van up approximately one block to the east and found two gentlemen who the victim had said robbed him." Officer Brooks stated the two individuals denied robbing Keathley. Officer Brooks asked them if they could "look on your person for the wallet" though they did not find Keathley's wallet. However, they found a large amount of cash and a small slip of paper with two telephone numbers inside one of the individual's pockets. The amount of money found was $385 and the denomination of the money was mostly $20 bills. Another $20 bill was found next to the individuals on the sidewalk. The individual with the large amount of cash found in his pocket was later identified as appellant.
Keathley testified the phone numbers found on the piece of paper were his brother and his parent's phone numbers. Keathley identified the torn piece of paper the police found inside appellant's pocket as the paper he had in his wallet. Keathley stated he believed he had mixed the paper with the money in his wallet prior to the robbery. Keathley's wife also testified and verified the numbers written on the paper were the phone numbers for his mother and brother.
Keathley and the police were unable to find Keathley's wallet that night after searching for about an hour. Approximately one and a half months later, his wallet was mailed to him anonymously. Keathley testified his wallet also contained his identification and birth certificate. Keathley opined he thought appellant threw the wallet away before he was stopped by the police and that someone else probably mailed him his wallet after they found it.
Appellant and the other individual, later identified as Eric Silver, were indicted for two counts of robbery. On February 7, 2001, a jury found appellant guilty of one count of robbery. Appellant appeals his conviction and presents the following two assignments of error:
 I. DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
 II. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES[.]
Appellant argues in his first assignment of error that his conviction was against the manifest weight of the evidence. Appellant claims the evidence supporting his conviction was "weak" in part based upon the fact Keathley was legally drunk at the time of the incident.
The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Gray (Mar. 28, 2000), Franklin App. No. 99AP-666, unreported, following State v. Clemons (1998),82 Ohio St.3d 438, 444, certiorari denied 525 U.S. 1077, 119 S.Ct. 816. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193, certiorari denied (1999), 527 U.S. 1042, 119 S.Ct. 2407.
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Thompkins, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
"The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 716. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997),118 Ohio App.3d 371, 377.
Appellant's conviction of robbery basically rests upon the credibility of Keathley's version of the events. Keathley claims appellant punched him in the face and then stole his wallet. Keathley positively identified appellant as the person that hit him because "I looked him right in the face."
Even though evidence had been presented supporting the fact that Keathley had been drinking prior to the incident, evidence was also presented to support Keathley's version of the events. Keathley's wife testified he had received approximately $416 when he cashed his paycheck. Keathley testified that he spent approximately $4 at the convenience store. The $385 the police found inside appellant's pocket plus the $20 found on the ground next to appellant was an amount similar to the amount Keathley claims he had at the time he was robbed. The fact that a piece of paper with phone numbers for Keathley's parents and brother was found within the wad of money in appellant's pocket tends to show the money had been in Keathley's possession at one time.
Additionally, Officer Brooks stated:
 * * * [Keathley] stated that he had bought a bottle of beer and some pork rinds. And that when he had exited the store, that's where the confrontation happened. So I went back to the scene, you know, to see was there any broken glass, or was there anything on the sidewalk to corroborate that statement.
* * *
 We found glass from a broken beer bottle * * * a wet spot on the sidewalk; and two pork rinds at the scene. There was a substantial amount of glass not there, so I went inside the store and asked the store owner had you just cleaned up and he said yes he had.
Officer Brooks also testified he saw Keathley's paycheck stub and that it was for the amount of $416. The police officers also testified concerning Keathley's condition at the time of the incident.
The only witness presented by appellant's trial counsel was Eric Silver, the other person accused of robbing Keathley. Silver testified Keathley approached them and asked Silver if he could buy some crack cocaine. Silver claimed Keathley owed him money so "when he pulled the money out, I snatched the money" and walked away. Silver stated appellant did not participate in the "transaction" and that appellant was holding the money because Silver gave it to him.
Following a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find no basis to believe the jury clearly lost its way, that a manifest miscarriage of justice occurred, or that appellant's conviction was against the manifest weight of the evidence. See State v. Smith (1997), 80 Ohio St.3d 89, 114. A review of the record shows the jury could reasonably believe Keathley's version of the events and disbelieve Silver's version of the events. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that he was denied his right to effective assistance of counsel. Appellant contends his counsel was ineffective because: (1) counsel referred to warrants for the arrest of the prosecuting witness; (2) counsel did not offer much argument in support of a Crim.R. 29 motion at the conclusion of the state's presentation of the evidence; (3) counsel referring to the possible penalties for robbery during the trial; and (4) counsel's failure to object to the introduction of evidence. We will address appellant's arguments in the order they have been presented.
"Reversal of a conviction on the grounds of ineffective assistance of counsel requires a showing, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive defendant of a fair trial." State v. Lindsey (2000), 87 Ohio St.3d 479, 489, certiorari denied 531 U.S. 838,121 S.Ct. 99, following Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064. "The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation." State v. Lester (1998), 126 Ohio App.3d 1, 5. Additionally, appellant must show prejudice, demonstrating that but for counsel's errors, the result of the proceedings would have been different. State v. Monroe (Sept. 25, 2001), Franklin App. No. 01AP-275, unreported.
Appellant's counsel asked several witnesses during the trial whether Keathley had a warrant out for his arrest at the time of the incident. Counsel asked Keathley: "Was an arrest warrant out for you that evening?" Keathley answered "no." Counsel asked Officer Brooks whether he remembered if Keathley had a warrant for his arrest. Counsel also asked Officer Edward Cox of the Columbus Police department as to whether Keathley had a warrant for his arrest the night of the incident.
An appellate court reviewing an ineffective assistance of counsel claim will not second guess counsel's strategy in direct and cross-examination of witnesses. State v. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035, unreported, discretionary appeal not allowed (1999),82 Ohio St.3d 1430, following State v. Smith (1991), 75 Ohio App.3d 73,76. The reason for this is that trial tactics that are debatable generally do not constitute a deprivation of effective counsel. State v. Phillips (1995), 74 Ohio St.3d 72, 85.
A review of the record shows appellant's trial counsel attempted to defend appellant by attacking the credibility of the alleged victim. Considering the fact the money found on appellant's person included a piece of paper with phone numbers from Keathley and that besides Silver, Keathley was the only witness to the crime, attacking the victim's credibility was sound trial strategy. Appellant's counsel also attempted to show Keathley was given preferential treatment by the officers based upon his race.
We cannot determine whether counsel's inference, that Keathley had a warrant out for his arrest, was based upon any facts because those facts do not appear in the record. It would have been difficult for appellant's counsel to introduce evidence showing a warrant had been issued for Keathley's arrest prior to the incident because of the limitations on such evidence pursuant to Evid.R. 608. Accordingly, we find that appellant's counsel was not ineffective in this instance.
Appellant contends his counsel was ineffective based upon the manner in which his trial counsel made a Crim.R. 29 motion. At the conclusion of the state's presentation of evidence, the following exchange took place between the court and appellant's trial counsel:
The Court: [D]o you want to make a motion?
[Counsel]: Yeah. Directed verdict.
The Court: Yes. Denied.
 [Counsel]: I assumed it was. That's why I wasn't going to spend lots of time.
"The failure of trial counsel to move for a judgment of acquittal under Crim.R. 29 does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he is accused." State v. Small (May 1, 2001), Franklin App. No. 00AP-1149, unreported. Therefore, it also follows that ineffective assistance of counsel cannot be shown by trial counsel failing to fully argue in favor of a motion for acquittal pursuant to Crim.R. 29 when the state's case-in-chief links the defendant to the crimes of which he is accused. A review of the evidence shows that prior to the motion, sufficient evidence had been presented by the state to support appellant's conviction. Therefore, appellant's trial counsel was correct in his assessment that little would have been accomplished by vigorously arguing that a Crim.R. 29 motion should have been granted.
Appellant also claims his counsel was ineffective because he referred to the possible penalties for robbery during the trial. Appellant claims this was improper because "[t]his line of questioning was tantamount to discussing the [appellant's] possible sentence * * *." However, a review of the transcript shows counsel's discussion of the possible penalties for robbery occurred during Silver's direct examination. Counsel was attempting to bolster Silver's credibility by showing he was willing to testify on appellant's behalf even though Silver's testimony could have been used against him. At the time Silver testified, he had already pled guilty to robbing Keathley and still had to be sentenced. Silver essentially testified appellant had nothing to do with the alleged robbery of Keathley. Accordingly, we find appellant cannot demonstrate his counsel was ineffective because this was a legitimate trial tactic by trial counsel.
Appellant also claims his counsel was ineffective because he failed to object to the introduction of evidence. However, a review of the transcript and appellant's argument shows even if counsel had objected, the likelihood of the objections being sustained was minimal. Additionally, trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel. State v. Nichols (June 27, 2000), Franklin App. No. 99AP-1090, unreported. Therefore, we find appellant failed to demonstrate his trial counsel was ineffective. Appellant's second assignment of error is overruled.
Accordingly, after having reviewed the record and considering the evidence presented against appellant, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.