Decision and Journal Entry
{¶ 1} Defendant, Aaron Basford, appeals from the judgment of the Medina County Common Pleas Court that found him guilty of aggravated vehicular assault in violation of R.C. 2903.08. We affirm.
 {¶ 2} On October 22, 2002, both Defendant and the victim, Michael Peaco ("Peaco") were in a local Brunswick sports bar. After Peaco threw a cigarette into Defendant's face, Defendant got to his feet and began fighting with Peaco. Employees escorted Defendant from the establishment where he soon drove off in his minivan. After a phone call to the bar, allegedly from Defendant, stating that Peaco was "a marked man," Peaco went out of the bar to check on his car. While in the parking lot, Defendant returned in his minivan, driving straight for Peaco. Peaco had a golf club in the front seat of his car. He drew it out quickly, and swung it at Defendant's minivan as Defendant circled threateningly around Peaco in the parking lot. Two times Peaco struck Defendant's car with the club. Then Defendant drove straight at Peaco, striking Peaco with the front passenger side of the minivan. Peaco sustained various injuries, including a broken leg and ankle, from the incident.
 {¶ 3} Defendant was indicted for felonious assault under R.C.2903.11 and aggravated vehicular assault under R.C. 2903.08. On February 14, 2003, a jury found Defendant guilty of aggravated vehicular assault, but not guilty of felonious assault. Defendant timely appeals, raising two assignments of error for review.
 Assignment of Error I
"The trial court erred in admitting evidence of [Defendant's] other crimes, wrongs or acts to the prejudice of [Defendant]."
¶ 4Defendant first argues that the trial court's admission of evidence relating to an alleged prior breaking, entering, and theft by Defendant was prejudicial. Specifically, the trial court permitted Peaco to testify that he believed that Defendant had broken into his car and stolen some of his possessions a few years before. The trial court, Defendant asserts, abused its discretion by admitting such character evidence under Evid.R. 404(B). We disagree.
 {¶ 5} A trial court has broad discretion concerning the admission of evidence. State v. Issa (2001), 93 Ohio St.3d 49, 64. An appellate court may disturb the trial court's ruling only when confronted with an abuse of discretion. Id. Defendant challenges this evidence under Evid.R. 404(B) which states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The rule continues to say that the evidence "may * * * be admissible for other purposes, such as proof of motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B). The rule only prohibits use of character evidence when it is used to show that a person acted in conformity with the offered evidence. State v. Webb (1994),70 Ohio St.3d 325, 340. When it is not offered to prove conformity, but is instead offered to prove, for example, motive, it is generally admissible. See State v. Prade (2000), 139 Ohio App.3d 676, 685
(permitting testimony regarding past taping of phone calls to show history of jealousy, possessiveness and control over the victim); State v.Cerveniak (June 19, 1991), 9th Dist. No. 90CA004860, at 9 (permitting admission of evidence of prior stalking and threats against victim to prove intent and motive).
 {¶ 6} In the case at bar, testimony regarding the prior alleged theft and breaking and entering of Defendant into Peaco's car was not offered to show conformity. Rather, the State offered the evidence to show the prior animosity that existed between Defendant and Peaco culminating in the current confrontation between the two men. Peaco testified that he feared for his car because of his belief that Defendant had previously entered his car and stolen possessions from within. In isolation, without this explanation, Peaco's vociferous protection of his vehicle with a golf club, and Defendant's return to the restaurant to confront Peaco for throwing a cigarette in his face, make little sense. The character evidence is necessary to explain the existing animosity between Defendant and Peaco, not to show that Defendant acted in conformity with the alleged prior act. The trial court did not abuse its discretion. Defendant's first assignment of error is overruled.
 Assignment of Error II
"[Defendant's] conviction must be reversed as [Defendant] received ineffective assistance of counsel at trial."
 {¶ 7} In Defendant's second assignment of error, he argues that he was denied effective assistance of counsel. Specifically, Defendant states that trial counsel virtually admitted to the aggravated vehicular assault charge during closing argument. Defendant further claims that this admission was not trial strategy because evidence existed showing that Defendant did not have the required mens rea necessary to commit aggravated vehicular assault. Defendant's allegations are without merit.
 {¶ 8} In evaluating an ineffective assistance of counsel claim, this court employs a two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley
(1989), 42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391,396. Licensed attorneys are presumed competent in Ohio. Lytle,48 Ohio St.2d at 397. Defendant must overcome the "presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. Louisiana
(1955), 350 U.S. 91, 101.
 {¶ 9} Second, the court must determine if prejudice resulted to Defendant from counsel's ineffectiveness. Bradley,42 Ohio St.3d at 141-42. Prejudice exists where the trial result would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48-49, quoting Strickland,466 U.S. at 687.
 {¶ 10} This court need not address both elements in any particular order — if we find there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See Bradley, 42 Ohio St.3d at 143. In fact, the Ohio Supreme Court has instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." Id. In this case, we find that there was not sufficient prejudice to Defendant to support a claim of ineffective assistance of counsel.
 {¶ 11} The State presented multiple witnesses who described the incident in detail. The Defendant chose not to present any evidence in defense. Given the amount of uncontroverted evidence against Defendant, we can not say that Defendant was prejudiced by defense counsel's virtual admission during closing argument. Defense counsel's trial strategy of admitting to a lesser offense to avoid conviction on the greater worked in this case. Such trial strategy by defense counsel has been upheld as within the permissible gambit of defense counsel's choices. See State v.Foster (Dec. 22, 1994), 4th Dist. No. 94-CA-4 (finding defense counsel's virtual admission to lesser included offenses during closing was not ineffective assistance); State v. Smith (1991), 75 Ohio App.3d 73, 75-76
(determining that defense counsel's admissions regarding smoking, ownership, and possession of marijuana during opening statement and closing argument was sound trial strategy and not ineffective assistance of counsel). We find defense counsel in this case was not ineffective. In fact, in this case the trial strategy worked to avoid a conviction on the greater felonious assault charge. Defendant's second assignment is thereby overruled.
 {¶ 12} Defendant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, J., CARR, J. CONCUR.