THE STATE OF OHIO, APPELLEE, *v.* SLIDER, APPELLANT. ■

(No. 80AP-372—Decided December 31, 1980.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joyce S. Anderson,* for appellee.

*Mr. Terry Tataru,* for appellant.

STRAUSBAUGH, P. J.   This is an appeal by the defendant, Roy Allen Slider, from the conviction in the Court of Common Pleas of Franklin County for two counts of aggravated murder, in violation of R. C. 2903.01; one count of aggravated robbery, in violation of R. C. 2911.01; one count of kidnapping, in violation of R. C. 2905.01; and one count of forgery, in violation of R. C. 2913.31.

At approximately 11:00 a.m. on November 24, 1979, the body of Anthony Monahan was discovered by two hunters, submerged in a pond located behind the Pleasant Township Cemetery, in southwest Franklin County, west of Darbydale, Ohio. The victim's hands had been bound behind his back and an autopsy revealed that the victim had been stabbed thirteen times in the chest, causing penetration of the heart and lungs.

A representative from the Franklin County coroner's office testified that the wounds were caused by a knife with a four-inch blade and that the time of death was between 1:00 p.m. on November 23, 1979, and 7:00 a.m. on November 24, 1979. Said witness also testified that because the victim was alive when he was put into the pond, it was impossible to determine whether the victim died as a result of the multiple stab wounds or as a result of terminal aspiration of water.

The record indicates that on November 23, 1979, the victim was last seen leaving Hugh White Chevrolet, where he was employed as a salesman, at approximately 5:00 p.m., in the presence of defendant and Thomas Cory Bosler, to take a black 1979 Z-28 Camaro for a test drive. Said vehicle was used by the victim as a demonstrator.

Defendant was next seen at approximately 6:30 p.m. on the evening of November 23, 1979, by Leslie James who testified that defendant asked to use her apartment so that Bosler, who defendant said had been in a knife fight, could clean up. Defendant and Bosler returned one-half hour later to return the key.

Defendant went to the apartment of Cindy Henry at approximately 9:00 p.m. that same evening, driving a black Z-28 Camaro. Defendant and Cindy Henry drove in defendant's "new car" all night and met Bosler the next morning at Leslie James' apartment where Bosler had spent the night.

On the morning of November 24, 1979, defendant, accompanied by Bosler and Cindy Henry, attempted to cash the victim's payroll check at several places. Ms. Henry testified that defendant and Bosler were eventually successful at the Grove City Branch of BancOhio. During this period of time, defendant was driving the black Z-28 Camaro. After cashing said check, defendant and Bosler ate breakfast, took Ms. Henry home, and left for Alliance, Ohio.

Defendant was apprehended at approximately 7:30 p.m. on Monday, November 26, 1979, in Alliance, Ohio, by the Alliance Police Department who were advised that the black Z-28 Camaro in which defendant and Bosler had been seen riding was wanted in connection with a homicide in Franklin County. At his arraignment, defendant entered a plea of not guilty to all charges. The trial court, finding defendant to be indigent, appointed counsel for defendant. Thomas Cory

Bosler plead guilty to one count of aggravated murder and was sentenced thereon prior to the trial of this case. After several days of trial, the jury found defendant guilty of two counts of aggravated murder, one count of kidnapping, one count of aggravated robbery, and one count of forgery.

In appealing the conviction, defendant raises the following assignments of error:

"1. The trial court erred in overruling appellant's motion to dismiss count three of the indictment.

"2. The trial court erred in imposing fines in addition to incarceration when sentencing the appellant.

"3. The trial court erred in imposing excessive imprisonment upon appellant.

"4. The trial court erred in overruling appellant's motion for acquittal of count one of the indictment.

"5. The trial court erred in overruling appellant's motion for acquittal of count two of the indictment.

"6. The trial court erred in overruling appellant's motion for acquittal of count three of the indictment.

"7. The trial court erred in overruling appellant's motion for acquittal of count four of the indictment.

"8. The trial court erred in overruling appellant's motion for acquittal of count six of the indictment.

"9. The trial court erred in overruling appellant's motion in limine, and objections, and in allowing the jury to consider evidence of appellant's flight or attempt to escape."

Prior to trial, defendant made several motions, including a motion to dismiss count three of the indictment. Count three of the indictment reads as follows:

"And the Grand Jurors aforesaid, upon their oath, do further find and present that Thomas Cory Bosler and Roy Allen Slider, on or about the 23rd day of November, 1979, within the County of Franklin aforesaid, in violation of section 2911.01, of the Ohio Revised Code, in attempting or committing a theft offense as defined in section 2913.01, of the Revised Code, in respect to Anthony James Monahan, Jr., or in fleeing immediately after such attempt or offense, did inflict, or attempt to inflict serious physical harm to Anthony James Monahan, Jr."

In support of the first assignment of error, defendant claims that his previous conviction for receiving stolen prop-

erty in the Court of Common Pleas of Stark County, case No. 79-9543, with respect to the black Z-28 Camaro, prevents him from being tried for aggravated robbery with respect to the same property pursuant to R. C. 2941.25(A).

While a person cannot be convicted and sentenced for stealing property and receiving stolen property while still having the property in his possession, *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238, such is not the case here. In this case, defendant was charged with aggravated robbery in regard to the theft of Anthony Monahan's watch, payroll check, wallet, and other personal effects. An examination of the record reveals that the trial court was explicit in its instructions to the jury that defendant was not charged with the theft of the black Z-28 Camaro in connection with the third count of the indictment. In fact, the language by the court in its instruction was taken from the proposed jury instruction submitted by the defendant. Since the trial court took proper precautions to protect defendant from the jury's consideration of the stolen automobile in its deliberations in this case, defendant's first assignment of error is not well taken and is overruled.

In raising the second assignment of error, the defendant claims that the trial court abused its discretion by fining defendant $47,500 in addition to sentencing him to a long period of incarceration.

R. C. 2929.12(F) (see 137 Ohio Laws 298-299) read as follows:

"The court shall not impose a fine or fines for felony which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

An examination of the record indicates that the trial court recognized that defendant was indigent on two occasions during trial: once when the court appointed counsel for defendant; and once when the court appointed a private investigator to assist in the preparation of the defense in this case. We find that the trial court abused its discretion when it fined defendant $47,500. By virtue of the trial court's failure to take into account the indigency of the defendant, which was demon-

strated to the trial court, defendant's second assignment of error is affirmed.

In the third assignment of error, defendant contends that the trial court violated R. C. 2929.41(E)(1) by imposing a life sentence and an additional 16.5-year aggregate minimum sentence, to be served consecutively to any term defendant must serve as a result of a parole violation. R. C. 2929.41(E) provides, in part, as follows:

"(E) Consecutive terms of imprisonment imposed shall not exceed:

"(1) An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder;

"(2) An aggregate minimum term of fifteen years, when the consecutive terms imposed are for felonies other than aggravated murder or murder[.]"

Defendant asserts that R. C. 2929.41(E)(1) was intended to apply to both the crimes of murder *and* aggravated murder. However, the state argues that this court should adopt the decision of the court in *State* v. *Owens* (1975), 51 Ohio App. 2d 132, which held that under R. C. 2929.41(E)(1) there is no minimum-maximum term for consecutive multiple sentences where one of the included offenses is aggravated murder.

It should be noted that this issue has never been decided by the Ohio Supreme Court, said court having overruled a motion for leave to appeal the *Owens* decision on January 20, 1977. An examination of R. C. Title 29 indicates a clear legislative intent to separate and distinguish aggravated murder, R. C. 2903.01, from murder, R. C. 2903.02. No clearer demonstration of this intent can be found than in R. C. 2929.02 where the legislature accorded different penalties for aggravated murder and murder. In order to properly interpret R. C. 2929.41(E), we must begin with the proposition that where the legislature intended to include aggravated murder in a specific statute, it did so with clear and specific language.

R. C. 2929.41(E)(1) states that the aggregate minimum term for consecutive terms shall not exceed twenty years when the terms include a term of imprisonment for murder. We reject defendant's arguments that said statute *is* applicable when one is sentenced to a term of life for aggravated murder, based upon the failure of the legislature to

so provide by specifically mentioning aggravated murder in said statute. Additionally, it is more logical to limit the application of R. C. 2929.41(E)(1) to cases where one of the consecutive terms of imprisonment is for murder because R.C. 2929.02(B) states that the penalty for one convicted of, or pleads guilty to, murder, is imprisonment for an indefinite term of fifteen years to life, whereas R. C. 2929.02(A) currently imprisons one who pleads guilty, or is convicted of, aggravated murder, to a term of life imprisonment. We therefore conclude that R. C. 2929.41(E)(1) is not applicable to defendant's life sentence obtained as a result of his being convicted of aggravated murder.

There can be no question that R. C. 2929.41(E)(2) does not apply to defendant's life sentence by virtue of the clear language contained in said statute. However, an examination of the language of R. C. 2929.41(E)(2) indicates that it applies to all consecutive terms imposed for all felonies except to those terms of imprisonment imposed as a result of conviction, or pleading guilty to, aggravated murder, or murder. R. C. 2929.41(E)(2) is different in terms of application than R. C. 2929.41(E)(1) which applies to the whole consecutive term when one of the consecutive terms is for murder. By specifically excepting terms imposed for aggravated murder or murder, rather than excepting all terms of imprisonment *which include terms* for aggravated murder and murder, the legislature, in R. C. 2929.41(E)(2), made clear its intent to limit the minimum aggregate term for *all* consecutive sentences, *except* those imposed for aggravated murder or murder. In this case, defendant's 16.5-year minimum term was ordered to be served consecutively to any term imposed for a parole violation. After careful consideration, we find that R. C. 2929.41(E)(2) does act to limit defendant's 16.5-year consecutive minimum term sentence to a 15-year minimum term sentence, but does not otherwise affect defendant's life sentence for aggravated murder.

In past cases, this court has held that where the trial court's sentence exceeds the minimum for consecutive terms, there is no reversible error, as R. C. 2929.41(E)(2) is self-executing, automatically operating to limit the aggregate minimum term to 15 years. *State* v. *Maynard* (Franklin Co. Ct. of Appeals No. 75AP-676, June 24, 1976), unreported;

and *State* v. *Knight* (Franklin Co. Ct. of Appeals No. 79AP-301, August 23, 1979), unreported.

Accordingly, even if defendant's sentence cumulates to over 15 years with the sentence for parole violation added on, R. C. 2929.41(E)(2) automatically limits defendant's minimum term to 15 years. Defendant's third assignment of error is not well taken and is therefore overruled.

In defendant's fourth, fifth, sixth, seventh and eighth assignments of error, defendant claims that his convictions on the various counts of the indictment were not supported by the weight of the evidence. After a careful review of the record, we disagree.

In reviewing a case where circumstantial evidence is relied upon, an appellate court can reverse only where the evidence is insufficient as a matter of law to enable the jury to exclude a reasonable hypothesis of innocence. *State* v. *Graven* (1978), 54 Ohio St. 2d 114. Our examination of the record allows this court to conclude that there was sufficient evidence presented which would allow the jury to conclude that, at the very least, the defendant aided and abetted Thomas Bosler in the commission of the crimes charged in the indictment. Accordingly, defendant's fourth, fifth, sixth, seventh and eighth assignments of error are not well taken and are therefore overruled.

In support of the ninth assignment of error, defendant contends that the trial court erred by allowing the jury to consider evidence of defendant's flight from arrest, over objection of defense counsel. Defendant asserts that this evidence was in the nature of evidence of another crime, *i.e.*, the receiving of stolen property, for which defendant pleaded guilty and was convicted by the Court of Common Pleas of Stark County.

A review of the record reveals that the jury was never informed of the defendant's conviction for receiving stolen property. The trial court properly instructed the jury to disregard the fact that the automobile may have been stolen. Additionally, the testimony of the Alliance police officers indicates that the defendant was wanted only in connection with the homicide in Franklin County; there is no indication in the record that defendant was ever arrested for receiving stolen property in connection with the automobile. Because defendant suffered no prejudice by the admission of evidence con-

cerning his flight from arrest, defendant's ninth assignment of error is not well taken and is overruled.

Said conviction of defendant is hereby remanded for modification of the fine portion of defendant's sentence in accordance with this decision and is affirmed as modified.

*Judgment affirmed as modified.*

WHITESIDE and McCORMAC, JJ., concur.