OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State of Ohio, Appellant, v. Elam, Appellee.
[Cite as State v. Elam (1994),     Ohio St.3d    .]
Criminal procedure -- Penalties and sentencing -- Multiple
    sentences -- Fifteen-year limit on an aggregate minimum
    term of incarceration set by R.C. 2929.41(E)(2) does not
    apply to multiple terms imposed consecutively to sentence
    for aggravated murder.
The fifteen-year limit on an aggregate minimum term of
    incarceration set by R.C. 2929.41(E)(2) does not apply to
    multiple terms imposed consecutively to a sentence for
    aggravated murder.
    (No. 93-194 -- Submitted November 17, 1993 -- Decided
March 30, 1994.)
    Certified by the Court of Appeals for Hamilton County, No.
C-920216.
    On August 8, 1991, the Hamilton County Grand Jury returned a nine-count indictment against defendant-appellee, Rex Elam. Count one was for aggravated murder and contained three death penalty specifications. Counts two, six and eight were for aggravated burglary, counts three, seven and nine were for aggravated robbery, and counts four and five were for rape. These alleged offenses were against three victims and occurred on three separate occasions.
    Pursuant to a plea bargain, Elam pled guilty to all counts. In exchange for the plea, the state dropped the death penalty specifications to count one. The trial court sentenced Elam to a term of life imprisonment on count one, ten to twenty-five years on each of counts two through five, each to run consecutively to the prior count, and ten to twenty-five years on each of counts six through nine, all to run concurrently with count four. Elam thus received a total term of incarceration of life plus forty to one hundred years.
    The trial court overruled Elam's motion to withdraw his guilty plea. He then appealed, asserting, inter alia, that R.C. 2929.41(E)(2) limited his aggregate minimum term for the felonies other than aggravated murder to fifteen years. The court of appeals held that R.C. 2929.41(E)(2) does, in fact, limit the aggregate minimum sentences for the four

non-aggravated murder felonies to fifteen years, even when imposed consecutively to an aggravated murder count. Holding also that R.C. 2929.41(E)(2) is self-executing, however, the court of appeals affirmed the judgment of the trial court.

Finding its judgment to be in conflict with that of the Court of Appeals for Summit County in State v. Owens (1975), 51 Ohio App.2d 132, 5 O.O.3d 290, 366 N.E.2d 1367, the court of appeals certified the record of the case to this court for review and final determination.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and L. Susan Laker, Assistant Prosecuting Attorney, for appellant.

Peter Rosenwald, for appellee.

Moyer, C.J.    The question certified for our review is whether, under R.C. 2929.41(E), there exists an aggregate minimum term of incarceration for consecutive multiple sentences for offenses that have been imposed consecutively to a life sentence for aggravated murder.

R.C. 2929.41(B) allows the imposition of consecutive terms of incarceration in several situations, including "[w]hen the trial court specifies" that they are to be served consecutively. R.C. 2929.41(B)(1). R.C. 2929.41(E) limits the trial court's discretion to impose consecutive sentences, and provides in relevant part:

"Consecutive terms of imprisonment imposed shall not exceed:

"(1) An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder;

"(2) An aggregate minimum term of fifteen years, *** when the consecutive terms imposed are for felonies other than aggravated murder or murder;

"(3) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors."

Because Elam's consecutive sentences include a term for aggravated murder, subsection (E)(1) plainly does not apply. Because each of the terms is for a felony, neither does subsection (E)(3) apply.

The court of appeals in the instant case held that subsection (E)(2) does apply, following the reasoning of State v. Slider (1980), 70 Ohio App.2d 283, 24 O.O.3d 387, 437 N.E.2d 5. In Slider, the Court of Appeals for the Tenth District reasoned that subsection (E)(2) is different in terms of its application from (E)(1), which "applies to the whole consecutive term when one of the consecutive terms is for murder." Id. at 288, 24 O.O.3d at 390, 437 N.E.2d at 9. In contrast, (E)(2) "limit[s] the minimum aggregate term for all consecutive sentences, except those imposed for aggravated murder or murder." (Emphasis sic.) Id. at 288, 24 O.O.3d at 390, 437 N.E.2d at 10.

Following this logic, Elam argues that had there been no aggravated murder conviction in this case, R.C. 2929.41(E)(2) would have automatically limited his total sentence to fifteen to one hundred years. This assertion is correct, but it begs

the question.  The real issue is what happens when there is a term imposed for aggravated murder.

The polestar of statutory interpretation is legislative intent, which a court best gleans from the words the General Assembly used and the purpose it sought to accomplish.  Where the wording of a statute is clear and unambiguous, this court's only task is to give effect to the words used.  State v. Davis (1985), 16 Ohio St.3d 34, 35, 16 OBR 449, 450, 476 N.E.2d 655, 656.  By its very terms, this statute applies only "when the consecutive terms imposed are for felonies other than aggravated murder[.]"  R.C. 2929.41(E)(2).  The most natural reading of this clause compels the conclusion that a court should look at all of the consecutive terms imposed, and apply R.C. 2929.41(E)(2) only when none of them is for aggravated murder.

The consecutive terms imposed in this case were for five crimes: aggravated murder and four other felonies.  The interpretation that Elam urges, and that the Slider court reached, requires a conceptual severance of the aggravated murder term from the terms for other felonies imposed consecutively to it.  The words of subsection (E)(2) do not support a conclusion that the General Assembly intended such a result.  Rather, the wording of both subsections (E)(1) and (E)(2) reveals a common legislative intent that aggravated murderers receive no benefit from the statute.

Thus, we hold that the fifteen-year limit on the aggregate minimum term of incarceration set by R.C. 2929.41(E)(2) does not apply to multiple terms imposed consecutively to a sentence for aggravated murder.  If the consecutive terms imposed include a term for aggravated murder, as do Elam's terms, subsection (E)(2) does not apply.  Accordingly, we affirm the judgment of the court of appeals as modified and reinstate the sentence of the trial court.

Judgment affirmed
as modified.

A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.