*Tuesday, October 5, 1994*

## MOTION DOCKET

**94-2061.** State ex rel. Deters v. Wilkinson. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's request for alternative writ of mandamus,

IT IS ORDERED by the court, effective September 30, 1994, that an alternative writ be, and the same is hereby, granted, and the following schedule is set for the presentation of evidence and filing of briefs pursuant to S.Ct.Prac.R. X:

The parties shall file any evidence they intend to present on or before October 20, 1994; relator shall file his brief on or before October 31, 1994; respondents shall file their brief(s) on or before November 21, 1994; and relator shall file his reply brief on or before November 28, 1994.

## RECONSIDERATION DOCKET

**94-97.** State v. Jackson. *Hamilton County,* No. C-920430. Reported at 68 Ohio St.3d 1479, 629 N.E.2d 455. This cause came on for further consideration upon appellant's motion for reconsideration under S.Ct.Prac.R. XI(1)(B). Upon consideration thereof,

IT IS ORDERED by the court that the motion for reconsideration be, and the same is hereby, denied, effective September 29, 1994.

## MISCELLANEOUS DISMISSALS

**93-556.** State v. Thom. *Seneca County,* No. 13-92-20. This cause is pending before the court on the certification of conflict by the Court of Appeals for Seneca County. Appellant's record was filed on June 29, 1994. It appears from the records of this court that appellant has not filed a merit brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective September 30, 1994.

**94-2054.** State v. Scott. *Franklin County,* No. 88AP-346. Appellant has filed an untimely notice of appeal of the court of appeals' decision denying his application for delayed reconsideration and a motion for delayed appeal. This appeal involves a civil, post-conviction matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Therefore,

IT IS ORDERED by the court, *sua sponte,* effective September 28, 1994, that the motion for delayed appeal be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court, *sua sponte,* that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this case be, and hereby is, dismissed for lack of jurisdiction.