DECISION
Jeremy R. Northam, defendant-appellant, appeals the sentence imposed upon him by the Franklin County Court of Common Pleas. The trial court sentenced appellant after he pled guilty to criminal trespassing, a violation of R.C. 2911.21; and conspiracy to aggravated murder, a violation of R.C. 2923.02 and2903.01. We affirm.
Appellant's guilty pleas stem from two different incidents. Appellant was accused of attempting to enter a residence by force on October 7, 1996. According to the victim, appellant attempted to open the victim's front door, kicked the front door, shouted "we're going to get you," and broke the victim's front window. Appellant was also accused of "orchestrating" the murder of Thomas Beckett. Beckett's body was found with a hatchet in his head and his body had been burned. The Presentence Investigation ("PSI") report indicates that Beckett's murder was gang related.
In order to avoid the potential consequences of a jury trial, on November 4, 1997, appellant pled guilty to criminal trespassing and conspiracy to aggravated murder pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160. The trial court sentenced appellant to serve ten years of incarceration and was fined $20,000 for the conspiracy to aggravated murder conviction. The trial court also imposed a $250 fine for the criminal trespass conviction.
Appellant appealed his sentences to this court. We reversed and remanded appellant's sentences after finding that the trial court had failed to make the requisite findings set forth in R.C. 2929.14(C). State v. Northam (Sep. 24, 1998), Franklin App. Nos. 98AP-184 and 98AP-185, unreported (1998 Opinions 4539). Upon remand, the trial court imposed the same sentence. Appellant appeals the sentence imposed by the trial court for his conspiracy to aggravated murder conviction and presents the following two assignments of error:
First Assignment of Error
 The trial court erred by imposing a fine when Appellant had previously filed an affidavit of indigency to secure appointment of counsel, and had raised the issue of indigency before sentencing.
 Second Assignment of Error
 The trial court committed plain error by imposing the maximum allowable sentence without specifically finding the factors set forth in R.C. 2929.14(C).
Appellant argues in his first assignment of error that the trial court abused its discretion by imposing a fine of $20,000 upon appellant when the evidence demonstrated that appellant was indigent. We disagree.
A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v.Drake (Dec. 17, 1998), Franklin App. No. 98AP-448, unreported (1998 Opinions 5698, 5709). R.C. 2929.18(A) states that the court imposing a sentence upon an offender for a felony "may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section." For a felony of the first degree, the court may fine the offender "not more than twenty thousand dollars." R.C. 2929.18(A) (3) (a). "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." R.C.2929.18(E). R.C. 2929.19(B) (6) states:
 Before imposing a financial sanction under section 2929.18 of the Revised Code, the court shall consider the offender's ability to pay and other matters under section 2929.181[1] * * * of the Revised Code.
A review of the record shows that the trial court complied with the above requirements in the Revised Code. The court did not fine appellant an amount greater than the amount allowed by R.C. 2929.18(A) (3) (a) for a first degree felony. During appellant's sentencing hearing, the trial court addressed appellant's "ability to pay" the fine concluding that "I didn't impose the fine just to add insult to injury. I thought it was appropriate."
In his appellate brief, appellant cites several cases that have held that it is inappropriate to fine an indigent offender. See State v. Smith (1991), 75 Ohio App.3d 73, 78-79;State v. Slider (1980), 70 Ohio App.2d 283, 286; State v.Clemmons (Dec. 20, 1996), Trumbull App. No. 95-T-5305, unreported;State v. Austin (July 5, 1996), Greene App. No. 95-CA-99, unreported; State v. Elijah (Dec. 6, 1995), Montgomery App. No. 14760, unreported. However, a review of these cases shows that they either relied upon former R.C. 2929.14(C),[2] which stated:
 The court shall not impose a fine or fines for a felony that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense.
or upon former R.C. 2925.03(L),[3] which stated:
 No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges, in an affidavit filled with the court any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine.
A review of the current sentencing statutes shows that except for violations "of any provisions of Chapter 2925., 3719., or 4729. of the Revised Code," a sentencing court is no longer barred by statute from imposing a fine upon an indigent person. See R.C. 2929.18(B) (1); State v. Gipson (1998), 80 Ohio St.3d 626. Instead, the current statute simply requires the sentencing court to "consider the offender's ability to pay." R.C. 2929.19(B) (6).
Additionally, we note that the current sentencing statutes provide courts an avenue to relieve an indigent person of his or her obligation to pay a fine after the person has served his or her sentence. R.C. 2929.18(G) states:
 If a court that imposes a financial sanction under [R.C. 2929.18(A)] finds that an offender satisfactorily has completed all other sanctions imposed upon the offender and that all restitution that has been ordered has been paid as ordered, the court may suspend any financial sanctions imposed pursuant to this section or section 2929.25 of the Revised Code that have not been paid.
Another appellate court, discussing whether an offender may be required to pay a fine after being incarcerated, has stated:
 * * * Appellant's ability to pay will only be relevant after the incarceration portion of his sentence has been served. At that time, if appellant is unable to pay and thereby violates post-release control, his ability to pay will become important. The United States Supreme Court has held that in revocation proceedings for failure to pay restitution or fines, a sentencing court must inquire into the reasons for the failure to pay.
State v. Stevens (Sep. 21, 1998), Clinton App. No. CA98-01-001, unreported, following Bearden v. Georgia (1983), 461 U.S. 660,103 S.Ct. 2064; State v. Coleman (Feb. 5, 1998), Franklin App. No. 97APA06-832, unreported (1998 Opinions 77, 80-81). This is similar to the trial court's statements to appellant during his sentencing hearing:
 Now, there is a provision that does call for a review by the court as to the inappropriateness of the fine. And I believe that that can be availed by your client at any particular time. Obviously, we are not going to get blood out of a turnip, and we are not going to get any money out of [appellant] if he doesn't have to pay. There is no such thing as debtor's prison.
 If this matter comes before the court at the appropriate time, or if the community control people take a look at this and realize it is impossible for him to pay this fine, then the fine should not be imposed because it would be an impossibility.
Accordingly, after having reviewed the record, we find that the trial court did not abuse its discretion in imposing a fine of $20,000 upon appellant because: (1) a review of the current sentencing statutes shows that the trial court was allowed to fine appellant even though he was indigent; and (2) even though appellant is currently indigent, pursuant to R.C. 2929.18(G), the court may suspend appellant's fine after he "has completed all other sanctions imposed upon" him. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred by imposing the maximum allowable sentence without specifically finding the factors set forth in R.C.2929.14(C). Appellant was sentenced by the trial court to serve a prison term of ten years, which is the maximum prison term for a first degree felony. R.C. 2929.14(A) (1).
"When determining whether the trial court complied with R.C. 2929.14(C), the reviewing court may review the judgment entry, the transcript, and the sentencing worksheet." State v.Buterbaugh (Sep. 16, 1999), Franklin App. No. 98AP-1093, unreported (1999 Opinions 3495, 3520). R.C. 2929.14(C) states in part:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under [R.C. 2929.14(D) (3)], and upon certain repeat violent offenders in accordance with [R.C. 2929.14(D) (2)].
In the present case, a review of appellant's sentencing hearing transcript shows that the trial court commented on each of the factors of R.C. 2929.12(B) (1 through 8) in determining whether the "offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B). The court stated in part:
 I would say given the fact this individual was struck in the head with an ax, and when the corpse was found the ax was still in the head, and an attempt had been made to burn the body, that probably on a scale of one to ten, ten being the most serious, that category would rate a ten.
 Second, the victim of the offense suffered serious physical, psychological or economic harm. And again, obviously, there was serious physical harm.
 And there probably was some psychological harm while this activity was taking place that ended up with the decedent's death.
* * *
 The offender's relationship with the victim. I believe, according to [appellant] himself, that there was a relationship of friendship in the past. I think that probably makes this situation a little bit worse, at least it does in my mind's eye, as opposed to someone that the defendant did not know and had no sense of loyalty or affinity to.
 Next, the offender committed the offense for hire. That is not present here. However, there are indications, based on the Presentence Investigation Report and statements made by the prosecutor, that this may be a gang-related activity that was established beyond a reasonable doubt. I think it is appropriate to consider that that definitely was a possibility in this particular instance. In addition to which there was an indication that [appellant] was the leader of the group that was involved in the conduct here.
A review of the sentencing hearing transcript also shows that the trial court commented on whether appellant's conduct was less serious than conduct normally constituting the offense pursuant to R.C. 2929.12(C) (1 through 4). The trial court also indicated that it had reviewed appellant's PSI report concerning the likelihood of appellant's recidivism. See R.C. 2929.12(D) and (E).
After having reviewed the record, we find that the trial court sufficiently complied with R.C. 2929.14(C) in order to "impose the longest prison term authorized" for appellant's conspiracy to aggravated murder conviction. Appellant's second assignment of error is overruled.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and KENNEDY, JJ., concur.
[1] R.C. 2929.181, which would have required courts to hold a hearing in order to determine an offender's ability to pay a fine, was initially enacted by S.B. No. 2 and was set to take effect on July 1, 1996. However, Am.Sub.S.B. No. 269, which was subsequently enacted on June 28, 1996, repealed R.C. 2929.181
effective July 1, 1996 and R.C. 2929.181 "never became governing law within the state of Ohio." State v. Frede (Nov. 24, 1997), Clermont App. No. CA97-02-011, unreported.
[2] In Slider, at 286, the appellate court followed former R.C.2929.12(F), which became R.C. 2929.14(C) effective July 1, 1983.
[3] We note that former R.C. 2925.03(L) would also not apply to the present case because the statute applied to drug trafficking.