OPINION
Defendant-appellant, Tracy L. Kragh, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's motion to modify his sentence and vacate his fine.
Defendant was indicted on three counts of possession of cocaine in violation of R.C. 2925.11. On January 20, 1999, defendant entered a guilty plea of attempted possession of cocaine, a first-degree misdemeanor. The trial court imposed a six-month jail sentence, which was suspended, conditioned upon payment of a fine of $1,000 by January 20, 2000. On January 21, 1999, defendant was transferred to Crawford County jail and subsequently sentenced to two years imprisonment for five counts of receiving stolen property, all fourth-degree felonies.
On August 11, 1999, defendant filed a motion in Franklin County Common Pleas Court to vacate costs and the fine of $1,000. The trial court denied defendant's motion on September 14, 1999. On March 15, 2000, defendant filed a motion in the Franklin County Common Pleas Court to modify his sentence. On April 26, 2000, the trial court denied defendant's motion. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT VIOLATED THE APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW BY DENYING HIS MOTION TO MODIFY HIS MISDEMEANOR SENTENCE SO THAT IT RUNS CONCURRENTLY WITH HIS FELONY SENTENCE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO VACATE FINES AND COSTS.
Defendant's first assignment of error contends the trial court's failure to modify his sentence constitutes a denial of due process of law. Defendant contends that his misdemeanor sentence must run concurrently with his felony sentence.
Defendant's argument is premised on R.C. 2929.41(A) which requires that "a sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony * * *." However, defendant's sentences do not implicate R.C. 2929.41(A). The statute applies to a prison term or confinement. State v. Myers (May 29, 1996), Wayne App. No. 95CA0074, unreported.
Imposition of a suspended sentence does not violate the statute because by its terms such a sentence does not involve imprisonment. Id. See, also, State v. Keys (Sept. 29, 2000), Franklin App. No. 99AP-1116, unreported. Although defendant was sentenced to six months imprisonment in Franklin County, such sentence was suspended and defendant was not imprisoned. Moreover, when defendant was sentenced, he was not subject to sentencing for any other offense. Thus defendant had nothing to serve concurrently. See Keys, supra. The court in Myers rejected a similar argument finding that a suspended misdemeanor sentence while defendant was imprisoned on an unrelated felony conviction did not violate R.C.2929.41(A). Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error contends the trial court abused its discretion imposing a fine on defendant with knowledge that defendant was indigent and with knowledge of pending charges in Crawford County.
A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Northam (Sept. 30, 1999), Franklin App. No. 98AP-1592, unreported. Defendant relies on State v. Slider
(1980), 70 Ohio App.2d 283, maintaining that a trial court abuses its discretion imposing a fine on an indigent defendant in addition to incarceration. However, under the current sentencing statutes, a sentencing court is no longer barred from imposing a fine upon an indigent person. See Northam, supra, citing State v. Gipson (1998),80 Ohio St.3d 626.
R.C. 2929.21 permits the trial court to impose a term of not more than six months imprisonment and not more than one thousand dollars for a misdemeanor of the first degree. Here, the trial court imposed a six-month sentence and suspended the sentence upon the condition of payment of a $1,000 fine. The trial court's actions were within the statutory mandates. Moreover, the trial court allowed defendant until January 20, 2000 to pay the fine. Thus, the trial court did not abuse its discretion. Accordingly, defendant's second assignment of error is overruled.
Having overruled both of defendant's assigned errors, the judgment of the trial court is affirmed.
BROWN and TYACK, JJ., concur.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.