DECISION
{¶ 1} Defendant-appellant, Billcan V. Scott, appeals from the October 30, 2002 judgment of the Franklin County Court of Common Pleas, denying defendant's motion for declaratory judgment. Because defendant fails to establish error in the trial court's ruling, we affirm.
 {¶ 2} On March 7, 1988, defendant was convicted of six counts of rape, one count of kidnapping, one count of aggravated burglary, and one count of gross sexual imposition. (Tr. 198.) The trial court sentenced defendant to 10 to 25 years on one count of rape. In addition, the trial court sentenced defendant to 10 to 25 years on the remaining five counts of rape, 10 to 25 years for kidnapping, and one and one-half years for gross sexual imposition, all to be served concurrently with the sentence imposed on the single rape count. Lastly, the trial court imposed 10 to 25 years for aggravated burglary, to be served consecutively to the sentence imposed on the single rape count. (March 18, 1988 Entry.)
 {¶ 3} As this court set forth in this court's decision in State v. Scott (July 22, 1996), Franklin App. No. 96APA02-195, defendant appealed his conviction and, through counsel, assigned three errors. Defendant also filed an appellate brief pro se, asserting four additional assignments of error that defendant's counsel adopted. This court overruled all seven assignments of error and affirmed defendant's convictions. State v. Scott (Sept. 29, 1988), Franklin App. No. 88AP-346. By entry dated December 21, 1988, the Ohio Supreme Court overruled defendant's motion for leave to appeal. State v. Scott (1988),40 Ohio St.3d 708.
 {¶ 4} On May 11, 1992, defendant filed his first "motion to correct sentence." The trial court denied that motion on May 19, 1992. On July 19, 1993, defendant filed a "motion for delayed reconsideration" of this court's September 29, 1988 decision affirming his convictions; in State v. Scott (Dec. 14, 1993), Franklin App. No. 88AP-346 (memorandum decision), this court denied the motion. Defendant filed another "motion for delayed reconsideration"; this court denied it in State v. Scott (Apr. 12, 1994), Franklin App. No. 88AP-346 (memorandum decision). State v. Scott (1994), 70 Ohio St.3d 1460.
 {¶ 5} On August 17, 1995, defendant filed in the trial court a "motion to modify and correct" his sentence; he contended his aggregate minimum sentence violated R.C. 2929.41(E)(2) by exceeding the limit set forth in that statute. On September 26, 1995, the trial court denied defendant's motion. On December 22, 1995, defendant filed another "motion to modify and correct sentence" in the trial court; defendant asserted his sentence was contrary to R.C. 2941.25. The trial court denied defendant's motion on January 26, 1996. Defendant appealed, and this court affirmed the trial court's action. State v. Scott (July 22, 1996), Franklin App. No. 96APA02-195.
 {¶ 6} On October 24, 2001, defendant filed yet another motion to "modify and correct sentence"; on November 20, 2001, the trial court denied the motion. On December 19, 2001, defendant filed still another motion to "amend sentencing"; the trial court apparently denied the motion, because, on February 25, 2002, defendant filed a notice of appeal and a motion to file a delayed appeal. This court denied leave to file a delayed appeal. State v. Scott (Apr. 4, 2002), Franklin App. No. 02AP-219 (memorandum decision). On October 1, 2002, defendant filed a "motion for declaratory judgment." The trial court "denied" it on October 30, 2002. From that decision defendant appeals, assigning the following errors:
 {¶ 7} "Assignment of Error One
 {¶ 8} "The trial court erred when it failed to address appellant's second argument in his motion for declaratory judgement [sic] pursuant to R.C. 2969.03 where appellant's six counts of rape sentence is in breached [sic] of appellant's statutory contractual right pursuant to R.C.2941.25(A).
 {¶ 9} "Assignment of Error Two
 {¶ 10} "The Trial court erred when it failed to declare it [sic] statutory judgement [sic] of appellant sentence pursuant to R.C.2929.41(E)(2) and 2929.11(B)(1)(a). Trial court's sentence is in breach of statutory contractual law pursuant to R.C. 2969.03 and Department of Rehabilitation Correction record failed to reflect the self-executing correction of the breach as provided by the provision."
 {¶ 11} In his first assignment of error, defendant contends the trial court erred when it sentenced him on six counts of rape. More particularly, defendant argues that, pursuant to R.C. 2941.25, the sentences on the six counts of rape should be merged because they all arose out of the same conduct and were committed with a single animus.
 {¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Defendant raised the merger issue in his direct appeal and in his motion to modify sentence filed on December 22, 1995. As we noted in State v. Scott (July 9, 1996), Franklin App. No. 96APA02-195, even if the issue was not fully raised in defendant's direct appeal of his convictions, it could have been. Therefore, the doctrine of res judicata prevents defendant from again raising the issue.
 {¶ 13} Defendant also contends he was prejudiced when the trial court did not grant an evidentiary hearing before it entered its judgment convicting defendant of the multiple offenses. The trial itself provided an adequate evidentiary basis to determine the issue of merger. Moreover, because defendant has pursued multiple appeals concerning his conviction, he has had ample opportunity to raise the issue of an evidentiary hearing. The doctrine of res judicata precludes any further inquiry regarding that issue. Accordingly, defendant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, defendant contends that the trial court erred by not reducing his sentence of 20 to 50 years to 15 to 50 years pursuant to former R.C. 2929.41. In particular, he argues that the prison records should be corrected to reflect a sentence of 15 to 50 years.
 {¶ 15} Defendant is correct that former R.C. 2929.41(E)(2) limits his aggregate minimum sentence in these circumstances to 15 years. However, former R.C. 2929.41(E)(2) is a self-executing statute that operates to automatically limit his aggregate minimum sentence to 15 years. State v. White (1985), 18 Ohio St.3d 340, syllabus. Therefore, it is unnecessary to modify the sentences imposed so as to limit the aggregate minimum to 15 years. State v. Slider (1980), 70 Ohio App.2d 283,289, abrogated on other grounds, State v. Elam (1994), 68 Ohio St.3d 585. Accordingly, the trial court did not err in refusing to inject itself into a process the courts have determined to be self-executing.
 {¶ 16} Defendant also argues that if his sentence is left uncorrected, he will be forced to serve a minimum of 20 years under Am.Sub.S.B. No. 2. Contrary to defendant's contentions, that legislation only applies to person(s) who committed crimes after July 1, 1996. State v. Mitchell (Sept. 4, 1997), Franklin App. No. 97APA03-351, affirmed (1998), 83 Ohio St.3d 503. Because defendant's crime was committed in 1988, Am.Sub.S.B. No. 2 has no effect on his sentence.
 {¶ 17} Lastly, defendant asserts that the trial court's sentence violates R.C. 2929.11(B). In particular, defendant argues that, under R.C. 2929.11(B), his sentence should be reduced to 15 years instead of 20 years. Initially, we note R.C. 2929.11(B) in its present form does not apply to defendant, because it was enacted as part of Am.Sub.S.B. No. 2 subsequent to his convictions. Moreover, defendant's argument is moot because the self-executing nature of R.C. 2929.41 establishes defendant's minimum sentence at 15 years. Accordingly, defendant's second assignment of error is overruled.
 {¶ 18} Having overruled defendant's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and WATSON, JJ., concur.