THE STATE OF OHIO, APPELLANT, *v.* ELAM, APPELLEE.

[Cite as *State v. Elam* (1994), 68 Ohio St.3d 585.]

(No. 93–194—Submitted November 17, 1993—Decided March 30, 1994.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellant.

*Peter Rosenwald,* for appellee.

---

MOYER, C.J. The question certified for our review is whether, under R.C. 2929.41(E), there exists an aggregate minimum term of incarceration for consecutive multiple sentences for offenses that have been imposed consecutively to a life sentence for aggravated murder.

R.C. 2929.41(B) allows the imposition of consecutive terms of incarceration in several situations, including "[w]hen the trial court specifies" that they are to be served consecutively. R.C. 2929.41(B)(1). R.C. 2929.41(E) limits the trial court's discretion to impose consecutive sentences, and provides in relevant part:

"Consecutive terms of imprisonment imposed shall not exceed:

"(1) An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder;

"(2) An aggregate minimum term of fifteen years, * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder;

"(3) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors."

Because Elam's consecutive sentences include a term for aggravated murder, subsection (E)(1) plainly does not apply. Because each of the terms is for a felony, neither does subsection (E)(3) apply.

The court of appeals in the instant case held that subsection (E)(2) does apply, following the reasoning of *State v. Slider* (1980), 70 Ohio App.2d 283, 24 O.O.3d 387, 437 N.E.2d 5. In *Slider,* the Court of Appeals for the Tenth District reasoned that subsection (E)(2) is different in terms of its application from (E)(1), which "applies to the whole consecutive term when one of the consecutive terms is for murder." *Id.* at 288, 24 O.O.3d at 390, 437 N.E.2d at 9. In contrast, (E)(2) "limit[s] the minimum aggregate term for *all* consecutive sentences, *except* those imposed for aggravated murder or murder." (Emphasis *sic.*) *Id.* at 288, 24 O.O.3d at 390, 437 N.E.2d at 10.

Following this logic, Elam argues that had there been no aggravated murder conviction in this case, R.C. 2929.41(E)(2) would have automatically limited his total sentence to fifteen to one hundred years. This assertion is correct, but it begs the question. The real issue is what happens when there *is* a term imposed for aggravated murder.

The polestar of statutory interpretation is legislative intent, which a court best gleans from the words the General Assembly used and the purpose it sought to accomplish. Where the wording of a statute is clear and unambiguous, this court's only task is to give effect to the words used. *State v. Davis* (1985), 16 Ohio St.3d 34, 35, 16 OBR 449, 450, 476 N.E.2d 655, 656. By its very terms, this statute applies only "when the consecutive terms imposed are for felonies other than aggravated murder[.]" R.C. 2929.41(E)(2). The most natural reading of this clause compels the conclusion that a court should look at all of the consecutive terms imposed, and apply R.C. 2929.41(E)(2) only when none of them is for aggravated murder.

The consecutive terms imposed in this case were for *five* crimes: aggravated murder and four other felonies. The interpretation that Elam urges, and that the *Slider* court reached, requires a conceptual severance of the aggravated murder term from the terms for other felonies imposed consecutively to it. The words of subsection (E)(2) do not support a conclusion that the General Assembly intended such a result. Rather, the wording of both subsections (E)(1) and (E)(2) reveals a common legislative intent that aggravated murderers receive no benefit from the statute.

Thus, we hold that the fifteen-year limit on the aggregate minimum term of incarceration set by R.C. 2929.41(E)(2) does not apply to multiple terms imposed consecutively to a sentence for aggravated murder. If the consecutive terms imposed include a term for aggravated murder, as do Elam's terms, subsection (E)(2) does not apply. Accordingly, we affirm the judgment of the court of appeals as modified and reinstate the sentence of the trial court.

*Judgment affirmed*
*as modified.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.