JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Lamar Ferguson appeals pro se from a judgment of the common pleas court denying his post-sentence motion to withdraw a guilty plea. On appeal, he assigns the following error for our review:
 {¶ 2} "I. Does the trial court commit abuse of discretion when it determines that the appellant is not entitled to withdraw his plea of guilt, after the negotiated plea was breached by the state in the person of the APA.[sic] and the trial court fails to explain its determination with any facts and conclusion of law."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} The record reflects the Grand Jury indicted Ferguson for aggravated robbery and aggravated burglary; Ferguson pled guilty, and the trial court convicted him of robbery in violation of R.C. 2911.02, an aggravated felony of the second degree. The trial court imposed a sentence of three to fifteen years.
 {¶ 5} Ferguson met with the Ohio Adult Parole Authority Board ("parole board"). He claims the parole board improperly classified him as a Category (7), thus extending his eligibility for parole from 48-60 months to 84-108 months. According to Ferguson, the parole board breached the plea agreement he made with the state in January 1997, by its interpretation of the facts surrounding the case.
 {¶ 6} Ferguson filed a motion to withdraw his guilty plea, which the trial court denied. Ferguson now appeals.
 {¶ 7} In his sole assigned error, Ferguson contends the trial court abused its discretion by denying his post-sentence motion to withdraw his guilty plea.
 {¶ 8} We first consider the Ohio Adult Parole Authority's decision to classify Ferguson a Category (7) for purpose of parole eligibility.
 {¶ 9} There is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence.[1] A prisoner who is denied parole is not thereby deprived of `liberty' if state law makes the parole decision discretionary.[2]
 {¶ 10} Under R.C. 2967.03, the parole decision is discretionary.[3]
The parole board's use of internal guidelines does not alter the decision's discretionary nature.[4] Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no "substantive limits on official discretion," and Ferguson cannot claim any right to have any particular set of guidelines apply.[5]
 {¶ 11} Ferguson argues the parole board erroneously considered the use of a firearm in the offense to which he ultimately pled guilty, even though the firearm specification was deleted as part of the plea agreement. However, the record reflects Ferguson pled guilty to R.C.2911.02, which states in pertinent part:
 {¶ 12} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 13} "(1) Have a deadly weapon on or about the offender's person or under the offender's control."
 {¶ 14} Additionally, as indicated in the following excerpt from the plea agreement the firearm was part of the amended indictment:
 {¶ 15} "The Court: We're leaving the firearm in the body, right?
 {¶ 16} Mr. Luskin: That would be correct, your Honor.
 {¶ 17} Mr. Neff: That way it would be a non-probationable offense.
 {¶ 18} The Court: Right?
 {¶ 19} Mr. Neff: Right.
 {¶ 20} The Court: Okay."[6]
 {¶ 21} Because the firearm was an element of the offense to which Ferguson pled guilty, the parole board properly considered its use in arriving at its decision to classify him in Category (7).
 {¶ 22} We now consider the denial of the motion to withdraw the guilty plea.
 {¶ 23} While the trial court should freely grant pre-sentence motions to withdraw pleas, the court should grant post-sentence motions to withdraw pleas only to correct manifest injustice.[7] The burden of establishing the existence of manifest injustice belongs to the defendant seeking to withdraw his plea.[8]
 {¶ 24} The appellate court reviews the grant or denial of a motion to withdraw a plea under an abuse of discretion standard.[9] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *."[10]
 {¶ 25} "A trial court does not abuse its discretion in overruling a motion to withdraw [a plea]: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."[11]
 {¶ 26} Ferguson does not contend the process surrounding the entering of his guilty plea was flawed or extraordinary. His only contention is that the parole board breached the plea agreement. As we have already concluded, the parole board did not abuse its discretion in light of Ferguson's guilty plea to the offense. We affirm the trial court's decision denying Ferguson's motion to withdraw his plea.
 {¶ 27} The judgment is affirmed.
Judgment affirmed.
Colleen Conway Cooney and Timothy E. McMonagle, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
[1] Greenholtz v. Inmates of Nebraska Penal Correctional Complex
(1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675.
[2] State ex rel. Blake v. Shoemaker (1984), 4 Ohio St.3d 42; State exrel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355,356.
[3] Blake, supra; Ferguson, supra.
[4] State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123,125.
[5] Olim v. Wakinekona (1983), 461 U.S. 238, 249, 103 S.Ct. 1741,1747, 75 L.Ed.2d 813; See, also, State ex rel. Cannon v. Ohio Dept. ofRehab. Corr., (Oct. 31, 2000), Franklin App. No. 00AP-327.
[6] Tr. at 4-5.
[7] Crim.R. 32.1; State v. Xie (1992), 62 Ohio St.3d 521.
[8] State v. Smith (1977), 49 Ohio St.2d 261, 264.
[9] Xie at 527.
[10] State v. Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted.)
[11] Peterseim, paragraph three of the syllabus.