[Cite as *State v. Hudson*, 2017-Ohio-4280.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 JE 0007 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DAVID LEE HUDSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                              Common Pleas of Jefferson County,
                              Ohio
                              Case No. 87 CR 73

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Jane M. Hanlin
                              Prosecuting Attorney
                              Jefferson County Justice Center
                              16001 State Route 7
                              Steubenville, Ohio  43952
                              No Brief Filed

For Defendant-Appellant:      David Lee Hudson, *Pro se*
                              #207-355
                              Marion Correctional Institution
                              940 Marion-Williamsport Road
                              P. O. Box 57
                              Marion, Ohio  43302

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                              Dated:  June 12, 2017

WAITE, J.

**{¶1}** Appellant David Lee Hudson appeals a February 19, 2016 Jefferson County Common Pleas Court decision to deny his "motion to correct sentence." Appellant argues that the trial court improperly denied his motion without making the requisite findings of fact. Appellant further argues that the trial court abused its discretion when it denied his motion. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** On November 15, 1987, Appellant and his three codefendants devised a plan to rob and murder the victim. The men drove to the victim's house and lured him into Appellant's car by telling him that his best friend had been shot. The men drove the victim to a remote area in Jefferson County where the victim was beaten, stabbed, shot, and killed. Appellant was apprehended two weeks later in San Diego, California.

**{¶3}** On January 15, 1988, Appellant was indicted on two counts of aggravated murder with specifications, one count of aggravated robbery with a firearm specification, and one count of aggravated kidnapping with a firearm specification. Appellant's codefendants were tried separately. Following trial Appellant was convicted on all counts and the jury recommended a sentence of death. Appellant filed a direct appeal with this Court and challenged both his convictions and his sentence.

**{¶4}** On appeal, we affirmed Appellant's conviction and sentence in part and reversed in part. *State v. Hudson,* 7th Dist. No. 88-J-40, 1993 WL 181334 (May 28,

1993) ("*Hudson I*"). Specifically, we vacated one of Appellant's aggravated murder convictions after finding that he could not be convicted on two counts of aggravated murder when there was only one victim. We also vacated Appellant's aggravated robbery conviction due to insufficient evidence. We determined that Appellant could not be sentenced to death on a sole aggravated murder conviction and remanded the matter for an appropriate sentence.

{¶5} On January 13, 1994, the trial court resentenced Appellant by means of a *nunc pro tunc* entry. Appellant was sentenced to life in prison without the possibility of parole for thirty years, to be served consecutively with a three-year accompanying firearm specification conviction. He was also sentenced to ten-to-twenty years for the aggravated kidnapping conviction, to run consecutively with a three-year accompanying firearm specification. The aggravated murder and aggravated kidnapping sentences were ordered to run consecutively. The entry clarified that Appellant would not be sentenced on count two, the second aggravated murder charge, or count four, aggravated robbery.

{¶6} Appellant filed a second appeal where he contested the trial court's ability to impose consecutive sentences when the offenses were part of the same act or transaction. We affirmed the trial court's sentence in *State v. Hudson,* 7th Dist. No. 94-J-10, 1994 WL 715648 (Dec. 20, 1994) ("*Hudson II*").

{¶7} On February 3, 2016, Appellant filed a "motion to correct sentence" with the trial court. In his motion, Appellant argued that his sentence contains an error that would render his sentence contradictory. Appellant contends he was given the

possibility of parole after serving thirty years. However, the trial court ordered his sentences to run concurrently, for an aggregate total of at least forty-six years. As a result, he argues that he is not truly eligible for parole until he serves forty-six years, contrary to the sentence the court imposed for his aggravated murder conviction. On February 19, 2016, the trial court summarily denied the motion. Appellant timely appeals. The state failed to file a response brief. As Appellant's two assignments of error are related, they will be jointly addressed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

TRIAL COURT ABUSED DISCRETION WHEN IMPROPERLY DENYING MOTION TO CORRECT SENTENCE WITHOUT FILING FACT FINDINGS AS REQUIRED.

<u>ASSIGNMENT OF ERROR NO. 2</u>

TRIAL COURT ABUSED DISCRETION WHEN DENYING MOTION TO CORRECT SENTENCE WHEN IT IS MANDATED TO CORRECT ANY ERROR IN THE JUDGMENT ENTRY.

**{¶8}** Appellant contends that a trial court must make findings of fact and conclusions of law before entering judgment on a postconviction petition. Because the trial court failed to make these findings, Appellant argues that the matter should be reversed and remanded with instructions ordering the trial court to make the requisite findings.

**{¶9}** A motion to correct a sentence meets the definition of a postconviction petition if "it is a motion that (1) was filed subsequent to [the defendant's] direct

appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Appellant's motion meets this criteria, as his motion was filed subsequent to his direct appeal, claims that his sentence is void, and asks for the sentence to be vacated.

**{¶10}** However, a trial court is not required to make findings of fact or conclusions of law if a postconviction petition is untimely. *State ex rel. George v. Burnside,* 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533, ¶ 6, citing *State ex rel. Bunting v. Haas,* 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359; *State ex rel. Ashipa v. Kubicki*, 114 Ohio St.3d 459, 2007-Ohio-4563, 872 N.E.2d 1235, ¶ 4.

**{¶11}** Pursuant to R.C. 2953.21(A)(2), a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Ohio law provides a two-part exception to this rule if the petitioner can demonstrate that he meets the criteria found in R.C. 2953.23(A)(1)(a), (b). R.C. 2953.23(A)(1)(a) mandates that the petitioner must either show that he:

> was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶12}** Here, Appellant's motion was filed approximately twenty-two years after his last direct appeal. He has provided no argument to demonstrate that he falls under the exception found in R.C. 2953.23(A)(1)(a),(b). As such, even if the motion qualified as a postconviction petition, it was untimely and the trial court was not required to make any findings of fact or conclusions of law.

**{¶13}** In addition to his procedural arguments, Appellant claims that the trial court abused its discretion in making its decision. Although the trial court's denial of Appellant's motion is limited to a few sentences, it is apparent from the judgment entry that the trial court did consider the merits of Appellant's arguments. A postconviction petition is reviewed for an abuse of discretion. *State v. Shaw*, 7th Dist. No. 137, 2014-Ohio-5633, ¶ 17, citing *State v. Davis*, 133 Ohio App.3d 511, 728 N.E.2d 1111 (8th Dist.1999); *State v. West*, 7th Dist. No. 07 JE 26, 2009-Ohio-3347.

**{¶14}** The crux of Appellant's argument is that the consecutive nature of his sentences resulted in a contradictory sentence. At the time of Appellant's conviction, consecutive sentences were permitted so long as the court specified that it was ordering the sentences to run consecutively. R.C. 2929.41(B). Although there were limitations placed on consecutive sentences, those limits did not apply when a defendant was convicted of aggravated murder. *State v. Elam,* 68 Ohio St.3d 585, 586, 629 N.E.2d 442 (1994). As Appellant was convicted of aggravated murder, pursuant to the law that was in effect at that time, imposition of consecutive sentences for aggravated murder and aggravated kidnapping convictions were permissible.

{¶15} We have previously addressed whether the imposition of consecutive sentences for Appellant's firearm specifications was proper in *Hudson II*. While we did not specifically conclude that the consecutive sentences for the firearm specifications was appropriate, we quoted the former R.C. 2929.71(B), which was in effect at the time of Appellant's conviction:

> If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, unless any of the felonies were committed as part of the same act or transaction. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.11 of the Revised Code.

*Hudson II* at *3, citing former R.C. 2929.71(B). As noted in the former R.C. 2929.71(B), multiple firearm specifications *shall be served consecutively and prior to* a life sentence or indefinite term when each felony constitutes a separate act. In

*Hudson II,* we determined that the kidnapping and murder were not part of the same transaction. Pursuant to the former R.C. 2929.71(B), the trial court was required to run the firearm specifications prior to and consecutive to the life sentence for the murder conviction and the indefinite sentence on the kidnapping conviction.

**{¶16}** Although the consecutive sentences in this case essentially remove the possibility of parole after Appellant served thirty years of incarceration, the trial court properly imposed consecutive sentences pursuant to the law. There was no abuse of discretion in the trial court's determination, here. Appellant's arguments are without merit and the judgment of the trial court is affirmed.

### Conclusion

**{¶17}** Appellant argues that the trial court improperly denied his motion to correct sentence without making the requisite findings of fact. However, the trial court was not required to make such findings. Appellant also argues that the trial court abused its discretion when it denied his motion to correct his sentence. Pursuant to *Hudson II,* the imposition of consecutive sentences was proper. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.