[Cite as *State v. Cooper*, 2020-Ohio-1495.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee, | : | No. 108293 |
| v. | : | |
| DWAYNE T. COOPER, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-83-183919-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee.*

Dwayne T. Cooper, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Dwayne T. Cooper ("Cooper") appeals the trial court's denial of his motion to vacate a void judgment. We affirm the trial court's judgment.

## I. Background and Facts

{¶ 2} We extract a summary of facts from our prior opinion in *State v. Cooper*, 8th Dist. Cuyahoga No. 104797, 2017-Ohio-541 ("*Cooper I*"):

> After being charged under a 16-count indictment [in 1982], on October 26, 1983, appellant pled guilty to Counts 7 and 14, as amended, for aggravated murder in violation of R.C. 2903.01, with the specifications deleted, and murder in violation of R.C. 2903.02. The remaining charges were nolled. The trial court sentenced appellant to 15 years to life in prison for the murder, and to life in prison for the aggravated murder. The imposed sentences were run consecutively. Appellant did not appeal his convictions or sentence.

*Cooper I* at ¶ 2.

{¶ 3} Cooper advises that he was 17 years old at the time of sentencing. Cooper has served approximately 36 years to date. Cooper "filed a motion to withdraw his plea on December 17, 2009, that was denied by the trial court on December 23, 2010." *Id.* at ¶ 2, fn. 1. Cooper did not appeal.

{¶ 4} On February 19, 2015, in response to a notification of parole board hearing, the trial court issued a journal entry opposing any modification or reduction of Cooper's sentence. The parole board determined that Cooper was not suitable for release because of his prior history of violence and violent behavior during his incarceration. Proceeding pro se on June 29, 2016, Cooper filed a motion to withdraw his plea pursuant to Crim.R. 32.1 "'to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'" *Cooper I* at ¶ 6, quoting Crim.R. 32.1. Cooper argued that the trial court's entry breached the plea agreement.

{¶ 5} We disagreed.

Contrary to appellant's argument, the trial court did not invalidate the plea agreement. The judge expressed that she opposed any reduction or modification of sentence by the parole board. The parole board was not bound by the suggestion of the trial court judge. Under R.C. 2967.03, the decision of the parole board is discretionary. *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 19. The parole board made the ultimate determination and had sufficient rationale for its parole decision.

*Cooper I*, 8th Dist. Cuyahoga No. 104797, 2017-Ohio-541, at ¶ 11.

**{¶ 6}** On December 21, 2018, Cooper filed pro se a motion to vacate a void judgment pursuant to Crim.R. 47. Cooper argued that his sentence is void based on the following exchange at sentencing:

Court:    You understand that what you have [pled] to are non-probationable felonies, don't you? You cannot receive probation for this type of felony; do you understand that?

Cooper:   Yeah, I do.

Court:    And that you will not be eligible for parole for twenty (20) years; do you understand that?

Cooper:   Yeah.

  *   *   *

Counsel:  Could the Court records, again, reflect part of our negotiations. We advised him of Section 2929.41 multiple sentence that existed in 1982 at the time of the crime?

Court:    Well, that's on the record.

* * *

Court:    I am sentencing the defendant to the Columbus Correctional Facility to life imprisonment and costs as to [C]ount [7].

The defendant is sentenced to the Columbus Correctional Facility minimum fifteen (15) years to maximum life imprisonment as to [C]ount [14].

The sentence imposed on [C]ount [14] is to run consecutively with the sentence imposed on [C]ount 7.

(Tr. 8-9, 10.)

{¶ 7} The sentencing entry reflects:

Cooper [is] sentenced to the Columbus Correctional Facility, Columbus, Ohio to Life Imprisonment as to the seventh count of the indictment; Defendant sentenced to the Columbus Correctional Facility, Columbus Ohio to fifteen (15) years to Life as to the [14th] count of the indictment.

Journal entry No. 556237 (Nov. 2, 1983).

{¶ 8} The trial court issued a summary denial of the motion to vacate on February 13, 2019. Cooper appeals.[1]

## II. Assignments of Error

{¶ 9} Cooper presents five assignments of error:

I. The trial court erred when it accepted the defendant's guilty plea without following Crim.R. 11 to determine if the defendant was making said plea knowingly, intelligently, and voluntarily.

II. The trial court erred when it sentenced the defendant under R.C. 2929.41(E), thus making the defendant's sentence null and void, as well as contrary to law.

III. The appellant's Sixth and Fourteenth Amendment right to effective assistance of counsel and due process were violated when counsel failed to object to appellant being sentenced contrary to law.

---

[1] The state argues that Cooper's failure to file a transcript requires that this court presume regularity of the proceedings. However, portions of the transcript (pages 1, and 8-10) and a copy of the sentencing entry are attached to the original motion that was opposed by the state in the trial court. Therefore, we elect to address the assigned errors solely to the extent supported by the submitted portion and journal entry in the interest of justice. *See Scrivner v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-352, 2005-Ohio-1843, ¶ 9 (appellate court addresses appellant's arguments utilizing the portion of the transcript made available.)

IV. When material and competent evidence to support an issue of subject matter jurisdiction has been presented, the trial court has committed error when it fails to hold an evidentiary hearing, a violation of the Sixth and Fourteenth Amendments.

V. The trial court erred when it did not issue an adequate finding of the fact and conclusions of law on a motion that was not barred for untimeliness or by res judicata.

## III. Discussion

### A. Crim.R. 11

{¶ 10} Cooper's first assigned error charges that his plea was not knowingly, intelligently, and voluntarily made pursuant to Crim.R. 11(C) because the trial court did not make the required advisements. *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). The state argues, and we agree, that Cooper did not advance this argument in the trial court. Therefore, Cooper failed to preserve the issue for appeal, and we may not address it. *State v. Christinger*, 8th Dist. Cuyahoga No. 91984, 2009-Ohio-3610, ¶ 66.

{¶ 11} In addition, Cooper's claim is barred by the doctrine of res judicata because he could have raised this issue by direct appeal, but did not.

> Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

*State v. Santiago*, 8th Dist. Cuyahoga No. 95564, 2011-Ohio-3059, ¶ 14.

{¶ 12} Cooper's first assigned error is overruled.

### B. Void sentence — R.C. 2929.41(E)

{¶ 13} Cooper argues in his second assignment of error that his sentence is void because the trial court misapplied R.C. 2929.41(E) by declaring that he would "not be eligible for parole for twenty (20) years." (Tr. 9.) Cooper explains that "many years after" he began serving his sentence, he learned from the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation that R.C. 2929.41(E) "was inapplicable to Aggravated Murder. Thereby, the prison sentence imposed by the trial court requires that he serve thirty-five (35) years" before he was eligible for parole and not 20 years as the court informed him. Motion to Vacate, at p. 2. The record also reflects that defense counsel informed the trial court that counsel discussed the impact of the 1982 version of R.C. 2929.41 (E) with Cooper prior to sentencing.

{¶ 14} Thus, Cooper argues that his sentence is void because it is contrary to law.

> Under the law in Ohio, a sentence that is not authorized by statute is void. *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Void sentences are not precluded from appellate review by principles of res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. Thus, any claim regarding his sentence not raised in his direct appeal would not be barred by res judicata if the sentence is void.
>
> The only sentence that a trial court may lawfully impose is that provided for by statute. *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).

*State v. Vans*, 8th Dist. Cuyahoga No. 103618, 2016-Ohio-3263, ¶ 12-13

{¶ 15} We agree that this court has authority to review a void sentence. That right stems from our right to adjudicate the challenge as a matter of law. *State v. Lee*, 2018-Ohio-1839, 112 N.E.3d 65, ¶ 6 (8th Dist.), citing *State v. Williams*, 148 Ohio St. 3d 403, 2016-Ohio-7658, ¶ 28, 71 N.E.3d 234.

{¶ 16} Cooper was sentenced to 15 years to life in prison for murder, and to life imprisonment for aggravated murder without the specification. The imposed sentences were run consecutively. However, while the transcript reflects that Cooper was informed that he would be eligible for parole under R.C. 2929.41(E) in 20 years, Cooper has only supplied a partial transcript record so we cannot ascertain the entire scope of the discussion. However, Cooper offers that the advisement makes his sentence void.

{¶ 17} The Ohio Supreme Court observed that:

R.C. 2929.41(B) allows the imposition of consecutive terms of incarceration in several situations, including "when the trial court specifies" that they are to be served consecutively. R.C. 2929.41(B)(1). R.C. 2929.41(E) limits the trial court's discretion to impose consecutive sentences, and provides in relevant part:

"Consecutive terms of imprisonment imposed shall not exceed:

(1) An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder;

(2) An aggregate minimum term of fifteen years, * * * when the consecutive terms imposed are for felonies other than aggravated murder or murder;

(3) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors."

*State v. Elam*, 68 Ohio St.3d 585, 586, 629 N.E.2d 442 (1994).

**{¶ 18}** Thus, it is clear that

the wording of both subsections (E)(1) and (E)(2) reveals a common legislative intent that aggravated murderers receive no benefit from the statute.

Thus, we hold that the fifteen-year limit on the aggregate minimum term of incarceration set by R.C. 2929.41(E)(2) does not apply to multiple terms imposed consecutively to a sentence for aggravated murder. If the consecutive terms imposed include a term for aggravated murder, as do Elam's terms, subsection (E)(2) does not apply.

*Id.* at 587.

**{¶ 19}** Therefore, Cooper is correct that the stated aggregate minimum years to be served prior to parole eligibility was 20 years when, in fact, the proper period was 35 years because R.C. 2929.41(E) did not apply. However, that does not render Cooper's sentence void. "Parole is not a part of an offender's sentence." *State v. Hudson*, 8th Dist. Cuyahoga No. 91803, 2009-Ohio-6454, ¶ 64, citing *State v. Baker*, 5th Dist. Hamilton No. C-050791, 2006-Ohio-4902; *State v. Hamilton*, 4th Dist. Hocking No. 05CA4, 2005-Ohio-5450. "Parole does not extend the penalty for an offense but offers the opportunity for early release. *Id.*, citing *State v. Clark*, 119 Ohio St.3d 239, 249, 2008-Ohio-3748, 893 N.E.2d 462. There is no guarantee of parole, only a possibility." *Id.* at *id*.

**{¶ 20}** As this court advised in *Cooper I*,

[P]arole was not guaranteed, and the parole board had the discretion to deny parole.

It is well settled that parole is not a certainty and that "[e]ven after a prisoner has met the minimum eligibility requirements, parole is not guaranteed[.]" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 37. However, "the Adult Parole Authority 'has wide-

ranging discretion in parole matters' and may refuse to grant release to an eligible offender." *Id.*, quoting *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 28. Furthermore, there is no inherent or constitutional right to be released on parole before the expiration of a valid sentence, and an inmate cannot claim a violation of due process with respect to a parole determination. *Festi v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 04AP-1372, 2005-Ohio-3622, ¶ 14; *State v. Ferguson*, 8th Dist. Cuyahoga No. 82984, 2004-Ohio-487, ¶ 9.

*Cooper I*, 8th Dist. Cuyahoga No. 104797, 2017-Ohio-541, at ¶ 9-10.

{¶ 21} We also observe that a full transcript of the sentencing has not been provided. The excerpt contained in the record indicates that defense counsel advised Cooper that his sentence was governed by the pre-1982 version of the statute. There is no indication of the subject matter of that discussion or how, if at all, it impacts this appeal. Without a complete transcript, we must presume regularity of the proceedings. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8.

{¶ 22} Finally, we advise that any error in this case was, in fact, harmless and that Cooper has not been prejudiced. "Crim.R. 52(A) defines the harmless error doctrine in criminal cases and provides that '[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.'" *State v. Szafranski*, 8th Dist. Cuyahoga No. 107905, 2019-Ohio-4349, ¶ 23.

{¶ 23} This court already determined in *Cooper I* that no manifest injustice occurred under Crim.R. 32.1. The parole board already considered Cooper's parole in 2015:

Following the trial court's February 19, 2015 journal entry [objecting to the release of appellant], appellant appeared for a hearing before the parole board. He was denied parole. He references the Ohio Parole Board's Decision and Minutes, which states as follows:

Offender is serving a life sentence for two offenses where the lives of the victims were taken. The offenses were very violent offenses where multiple offenders attacked multiple victims. Offender admitted his involvement in these offenses. Offender has a prior history of other violent offenses and he has violent behavior while incarcerated. Given the offender's extensive criminal history as well as his lack of programing, he is not suitable for release.

*Cooper I*, 8th Dist. Cuyahoga No. 104797, 2017-Ohio-541, at ¶ 6.

{¶ 24} "Under R.C. 2967.03, the decision of the parole board is discretionary." *Cooper I* at ¶ 11, citing *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 19. The parole board made the ultimate determination and had sufficient rationale for its parole decision. *Id.* Cooper was advised and stated during sentencing that he understood that his sentences were to run consecutively. Appellant's sentences are not void.

{¶ 25} The second assigned error lacks merit. In addition, our finding on this issue renders the remaining assigned errors moot pursuant to App.R. 12(A)(1)(c).

{¶ 26} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
RAYMOND C. HEADEN, J., CONCUR